620 So.2d 234 (1993)
Jimi L. BIRGE, Petitioner,
v.
STATE of Florida, Respondent.
No. 92-3168.
District Court of Appeal of Florida, First District.
June 18, 1993.
Jimi L. Birge, pro se.
Robert Butterworth, Atty. Gen., and James Rogers, Asst. Atty. Gen., for respondent.

ORDER
PER CURIAM.
On November 10, 1992, this court issued the following order:
This court has considered petitioner's motion for writ of habeas and motion for due process and new case number, reviewed its files, and makes the following findings.
Petitioner's conviction for fabricating evidence and fraud was affirmed by this court without opinion, Birge v. State, 576 So.2d 295 (Fla. 1st DCA 1991). He then petitioned this court for a writ of habeas corpus in case number 91-3560, contending that his appellate counsel was ineffective. This petition alleged in general terms that appellate counsel was part of a conspiracy, that counsel did not have adequate experience to file a proper appeal, and did not raise numerous issues as requested by petitioner. Petitioner requested leave to amend his petition as soon as his health improved. The petition was denied as facially insufficient, without prejudice to petitioner's right to file a petition that complies with Knight *235 v. State, 394 So.2d 997 (Fla. 1981). Petitioner then filed a series of motions for rehearing, clarification, and other relief, all of which were found to be without merit and/or unauthorized, and which were accordingly denied.
Petitioner initiated new proceedings in case number 92-1338. This petition raised a claim that a member of this court should have been disqualified. The petition evidenced petitioner's confusion regarding the two prior proceedings, the direct appeal and the claims of ineffective assistance of appellate counsel that were considered and rejected in case number 91-3560. An order issued on May 7, 1992, which explained the distinction and which denied relief. An emergency motion for writ of habeas corpus, to initiate new proceedings, and for ineffective counsel was treated by the court as a motion for rehearing and denied. Petitioner filed yet another set of motions which were denied with a statement that the file was closed and no further pleadings would be accepted by this court in this docket number.
Petitioner Birge next filed an emergency petition for writ of habeas corpus and a request for a new docket number. Herein petitioner claimed that the actions of this court denied him due process and he suggested that the court was discriminating against him because of his indigency. The case was assigned a new docket number case number 92-2846, and the petition for writ of habeas corpus was denied as facially insufficient by order of September 2, 1992.
Petitioner filed his fourth petition for writ of habeas corpus on September 15, 1992, which has been assigned case number 92-3168 by this court. In this petition, petitioner claimed that his appellate counsel had a conflict of interest involving his former law partner and there was a conspiracy to bring a frivolous direct appeal. A panel of judges considered the petition and determined it to be facially insufficient, as it failed to allege specific acts or omissions of appellate counsel that showed entitlement to relief under Knight v. State. The petition was denied by order of September 30. Petitioner filed another motion complaining of due process violations, but the requested relief was denied. Most recently, this court has considered petitioner's "motion for writ of habeus [sic] corpus and motion for due process and new case number." Petitioner again complains that this court has disposed of his claims without affording him due process and without giving him the opportunity to amend this pleadings.
Upon consideration of the above, this court finds that Mr. Birge's pro se activities before this court have substantially interfered with the orderly process of judicial administration. See Jenkins v. Singletary, 580 So.2d 905 (Fla. 4th DCA 1991); Peterson v. State, 530 So.2d 424 (Fla. 1st DCA 1988). Accordingly, petitioner shall show cause within twenty days of date of this order and in writing filed with the clerk of this court, why he should not be prohibited from appearing before this court in propria persona as an appellant or petitioner in this and other pending cases or an appellant or petitioner in any future cases.
In response to that order, the petitioner has moved for several extensions of time to respond, in each giving as grounds his unsuccessful attempts to secure counsel to assist him in drafting the response. Most recently, time for filing the response was extended to April 23, 1992. Now petitioner asks this court for 60 more days to respond, contending that he is entitled to appointed counsel in this matter and that he will apply to the appropriate circuit court for an appointment. Petitioner also moves to supplement the record with certain unspecified depositions, contending that his attorney "overlooked the fact that it would be necessary to include the depositions which are critical and vital issues [and] necessary in this case to support the appellant's arguments."
It is doubtful that petitioner qualifies for appointment of counsel in this matter, Graham v. State, 372 So.2d 1363 (Fla. 1979). Moreover, if Birge is successful in obtaining the services of counsel, he will not need *236 to respond to the November 9 order as he would not at that time be appearing pro se. As petitioner's prior requests for extension were based on his difficulties in finding counsel to assist him, these motions evidence a basic misunderstanding of the proceedings that confirm our earlier conclusion that Birge should be limited in appearing in this court only through a member of the Florida Bar. We also find the petitioner's motion to supplement the record to be without merit, as there generally is no record on appeal in a matter of original jurisdiction such as this habeas corpus proceeding, see Fla.R.App.P. 9.100(g). Accordingly, petitioner's motions for extension of time and to supplement the record on appeal are denied.
In light of the foregoing, and in the exercise of our inherent power to prevent abuse of court procedure, it is ordered that Jimi L. Birge is prohibited from henceforth appearing on his own behalf in this court in this or other causes as an appellant or as a petitioner. Relief in this cause having previously been denied on the merits, this file shall stand closed.
IT IS SO ORDERED.
BOOTH, SMITH and MINER, JJ., concur.