657 So.2d 1271 (1995)
Jeff ORR, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1317.
District Court of Appeal of Florida, Fifth District.
July 14, 1995.
Jeffrey A. Orr, Polk City, pro se.
No appearance for appellee.
W. SHARP, Judge.
The trial court's denial of Orr's Rule 3.850 motion for post-conviction relief is affirmed. The reasons need to be clearly stated. First, Orr's motion is completely without merit. But beyond that, the motion is untimely and successive, and is an abuse of process.
Orr's judgment and sentences were affirmed by this court without opinion in 1991. Orr v. State, 590 So.2d 428 (Fla. 5th DCA 1991) (mandate issued December 13, 1991). Orr filed a Rule 3.850 motion which the trial court denied, and this court affirmed without opinion. Orr v. State, 613 So.2d 45 (Fla. 5th DCA 1993). Orr then filed two Rule 3.800(a) motions which were summarily denied by the trial court. He appealed. One appeal was dismissed. Orr v. State, Case No. 93-435. The other was affirmed without opinion. Orr v. State, 638 So.2d 962 (Fla. 5th DCA 1994).
Orr then filed his second Rule 3.850 motion alleging he had received illegal consecutive habitual offender sentences for offenses which arose out of the same criminal episode. The trial court summarily denied the motion and this court affirmed without opinion. Orr v. State, 651 So.2d 1211 (Fla. 5th DCA 1995).
This is Orr's third Rule 3.850 motion. It is beyond the two-year limitation of Rule 3.850(b) and Orr has made no effort to set forth the necessary allegations to avoid the time limit. Nor does it appear that he could do so. His challenges to his sentences are identical to those raised in his second Rule 3.850 motion.
Therefore, this motion under consideration is untimely, successive, and an abuse of process. Any further like motions filed by Orr in the future should be stricken by the trial court or this court summarily as an abuse of process. Orr may have nothing else to do but file an endless succession of motions, but the trial court and this court cannot allow such frivolous proceedings to encroach on their limited time and judicial resources.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.