669 So.2d 360 (1996)
Ernesto J. HOLMES, Petitioner,
v.
STATE of Florida, Respondent.
No. 95-2975.
District Court of Appeal of Florida, Fifth District.
March 15, 1996.
Ernesto J. Holmes, Daytona Beach, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Respondent.
ANTOON, Judge.
Ernesto Holmes (defendant) has filed a petition seeking habeas corpus relief, alleging ineffective assistance of appellate counsel.[1] We deny the petition.
The petition before us is the defendant's fifth petition for writ of habeas corpus and his eleventh post-conviction proceeding. In this regard, the defendant has filed a direct appeal, three motions under Florida Rule of Criminal Procedure 3.850, two motions under Florida Rule of Criminal Procedure 3.800(a), and four prior petitions for writ of habeas corpus. The defendant has not prevailed in any of his post-conviction proceedings. We deny the instant petition because the issues raised therein have been previously addressed and rejected in the defendant's prior post-conviction proceedings. See Mills v. Singletary, 622 So.2d 943 (Fla.1993).
Furthermore, the record before us clearly indicates that our mere denial of this petition will not bring an end to the defendant's repetitive pro se post-conviction filings. As a result, we have decided to adopt the ruling in In re Anderson, ___ U.S. ___, 114 S.Ct. 1606, 128 L.Ed.2d 332, reconsideration denied, ___ U.S. ___, 114 S.Ct. 2671, 129 L.Ed.2d 807 (1994), wherein the Supreme Court, when faced with the frustration of a defendant's successive and repetitious pro se filings, barred the defendant leave to proceed in forma pauperis in any further extraordinary relief proceedings. In so ruling, the Anderson Court cited to the reasoning set forth in In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599, reh'g denied, 498 U.S. 1116, 111 S.Ct. 1029, 112 L.Ed.2d 1110 (1991):

*361 The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations filing fees and attorney's feesthat deter other litigants from filing frivolous petitions. The risks of abuse are particularly acute with respect to applications for extraordinary relief, since such petitions are not subject to any time limitations and, theoretically, could be filed at any time without limitation. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to those individuals who have abused the system.
Sindram, 498 U.S. at 179-180, 111 S.Ct. at 597.
Here, the defendant has disrupted the fair allocation of judicial resources of this court by filing successive pro se post-conviction petitions challenging his 1989 conviction and sentence. This activity now rises to the level of being an abuse of process. Accordingly, we prohibit the defendant from filing with this court any further pro se pleadings regarding his 1989 conviction and sentence. See Johnson v. State, 652 So.2d 980 (Fla. 5th DCA 1995); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995).
WRIT DENIED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] In 1989, the defendant was convicted of committing a sexual battery by use of force and sentenced as an habitual offender to a term of thirty years in prison.