685 So.2d 1373 (1996)
Deon DENNIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1219.
District Court of Appeal of Florida, Third District.
December 18, 1996.
Deon Dennis, in pro. per.
Robert A. Butterworth, Attorney General, for appellee.
Before BARKDULL, JORGENSON and FLETCHER, JJ.
BARKDULL, Judge.
Deon Dennis appeals a trial court order treating his petition for writ of habeas corpus as a motion for postconviction relief and denying same.
Dennis was convicted in 1981 of armed robbery and unlawful possession of a firearm while engaged in a criminal offense. He was sentenced to life in prison on the robbery count and entry of sentence for possession of a firearm was withheld. Dennis appealed and his conviction and sentence were affirmed by this court in 1982. Dennis v. State, 421 So.2d 79 (Fla. 3d DCA 1982). Beginning in 1984, Dennis then proceeded to file six petitions for habeas corpus, one appeal of a denial (by the trial court) of a petition for habeas corpus, four appeals of denials of postconviction motions, nine petitions for writ of mandamus, one petition for writ of prohibition, and one petition for writ of certiorari.[1] All but two of these cases were denied, dismissed or affirmed by this court. In one case, this court granted a petition for writ of mandamus in which Dennis sought production by the public defender *1374 of documents and transcripts relating to the circuit court proceedings in his case. Dennis v. Brummer, 479 So.2d 857 (Fla. 3d DCA 1985). In the other case, this court granted another petition for writ of mandamus and ordered the trial judge to rule on a 3.800 motion to correct illegal sentence. Dennis v. Rivkind, 633 So.2d 104 (Fla. 3d DCA 1994). It is clear, however, that Dennis has not obtained relief on the merits of his various claims in any of his twenty-two filings in this court.
This latest appeal involves the trial court's denial of a petition for a writ of habeas corpus. The trial court treated the petition as a 3.850 motion and denied it on the grounds that it was untimely, successive and an abuse of procedure, and did not assert either of the exceptions to the two year time limitation for a rule 3.850 motion. Upon review of the file in this case, this court noted the numerous and continuing filings and ordered the state to list the defendant's prior appeals. In addition to providing the court with copies of all prior filings, the state responded that the instant case was an appeal of the same circuit court order that was previously appealed by way of a petition for writ of certiorari to this court. A panel from this court treated it as an appeal from a denial of a postconviction motion and affirmed. See Dennis v. State, 672 So.2d 901 (Fla. 3d DCA), review dismissed, 676 So.2d 412 (Fla.1996). This is but one example of the abuse of process that has occurred in this case. Dennis has repeatedly, over a span of twelve years, merely relabeled the same motion or petition, and refiled it, both here and in the trial court. Furthermore, he has raised the same claims time and again, or asserted new claims without any valid justification for the failure to assert them previously.
We have reviewed similar cases from the Fifth District in which that court prohibited the filing of further pro se motions or petitions where it was clear that the appellant had abused the judicial system. In one case, the appellant had filed nine proceedings in the District Court which were repetitive and untimely. Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). In another case, the petitioner was bringing his eleventh postconviction proceeding. Holmes v. State, 669 So.2d 360 (Fla. 5th DCA 1996). As a result of these cases and others[2], the Fifth District decided to adopt the ruling in In re Anderson, 511 U.S. 364, 114 S.Ct. 1606, 128 L.Ed.2d 332, reconsideration denied, ___ U.S. ____, 114 S.Ct. 2671, 129 L.Ed.2d 807 (1994), wherein the Supreme Court barred the defendant from filing any further extraordinary relief proceedings. See Holmes, 669 So.2d at 360; Isley, 652 So.2d at 411. We agree with the statement cited in Holmes that "[t]he goal of fairly dispensing justice... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerationsfiling fees and attorney's feesthat deter other litigants from filing frivolous petitions." Holmes, 669 So.2d at 361, citing In re Sindram, 498 U.S. 177, 179-180, 111 S.Ct. 596, 597, 112 L.Ed.2d 599, reh'g denied, 498 U.S. 1116, 111 S.Ct. 1029, 112 L.Ed.2d 1110 (1991). The Florida Supreme Court and the First and Fourth District Courts have also entered similar orders in cases where it was apparent that the petitioner had interfered with the orderly process of judicial administration by filing frivolous and successive challenges to a conviction and sentence. See Attwood v. Singletary, 661 So.2d 1216 (Fla. 1995); Birge v. State, 620 So.2d 234 (Fla. 1st DCA 1993); Jenkins v. Singletary, 580 So.2d 905 (Fla. 4th DCA 1991).
The cases cited above indicate that there is no fixed number of filings that constitute an abuse of process. Rather, this determination is made on a case by case *1375 basis and involves consideration of, among other things, whether the claims made are identical to those that have been previously denied on the merits, see Orr supra, and whether the petitioner has repeatedly submitted relabeled pleadings, see Isley, 652 So.2d at 409. In this case, the appellant continues to assert claims that have been heard and rejected numerous times and he has filed appeals of the same circuit court order under different captions. These actions show that his intent is merely to disrupt the judicial process. Dennis does not appear to understand that he is not entitled to a "second bite at the apple," let alone a twenty-third bite at the apple. See Johnson v. State, 680 So.2d 1101 (Fla. 5th DCA 1996) and cases cited therein. Therefore, we affirm the trial court's denial of the petition for habeas corpus. In addition, in view of the egregious nature of the appellant's abuse of procedure in this case, we prohibit the defendant from filing with this court any further pro se pleadings regarding his 1981 conviction and sentence for armed robbery and the clerk of this court is so instructed.[3]
Affirmed.
NOTES
[1] The case numbers in this court are as follows: 84-1791, 85-160, 85-2110, 86-659, 86-1805, 86-3035, 86-3037, 87-305, 87-1439, 90-1010, 91-1637, 92-0207, 92-0700, 92-1708, 92-2053, 93-0500, 94-154, 94-2199, 95-1482, 95-0408, 95-2177, 96-1143.
[2] See also Orr v. State, 657 So.2d 1271 (Fla. 5th DCA 1995); Johnson v. State, 652 So.2d 980 (Fla.5th DCA 1995).
[3] The state asserts that the trial court has entered an injunction against the defendant which prohibits him from filing any further pro se challenges to his conviction in the trial court. We are unable to verify this from the record, but note that if the trial court has not already done so, such action is entirely appropriate.