689 So.2d 336 (1997)
James O'BRIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3527.
District Court of Appeal of Florida, Fifth District.
February 7, 1997.
Rehearing Denied March 7, 1997.
James O'Brien, Starke, pro se.
No appearance for Appellee.
PER CURIAM.
The defendant James O'Brien, no stranger to this court, appeals the dismissal of his latest 3.850 motion. Once again he is attacking his 1976 convictions and sentences for burglary, conspiracy to commit burglary, attempted murder, aggravated assault, and possession of a firearm by a convicted felon, and his 1980 conviction and re-sentencing upon remand in the same case for the second-degree murder of a co-felon. O'Brien v. State, sub nom., Marcum v. State, 379 So.2d 974 (Fla. 5th DCA 1979), cert. denied, 389 So.2d 1112 (Fla.1980).
In 1986, O'Brien filed a motion for post-conviction relief which was denied. In 1989, he filed a motion to correct an illegal sentence which was denied. He appealed. This court affirmed the denial per curiam without opinion. O'Brien v. State, 575 So.2d 668 (Fla. 5th DCA 1991). He filed a petition for a writ of habeas corpus in the trial court. The petition was denied, and this court affirmed the denial per curiam without opinion. O'Brien v. State, 595 So.2d 59 (Fla. 5th DCA 1992). He also appealed a denial of his motion for appointment of counsel in his attempt to transfer to the Federal Corrections system. This court affirmed per curiam without opinion. O'Brien v. State, 640 So.2d 1124 (Fla. 5th DCA), dismissed, 641 So.2d 1346 (Fla.1994). He has filed other Rule 3.850 motions which have been denied and affirmed on appeal. O'Brien v. State, 666 So.2d 157 (Fla. 5th DCA 1995); O'Brien v. State, 680 So.2d 437 (Fla. 5th DCA 1996). He filed what he designated as a "Motion for Relief of Court Order...." It was denied. He appealed. This court affirmed the denial per curiam without opinion. O'Brien v. State, No. 95-3266 (Fla. 5th DCA Dec. 3, 1996). He moved for rehearing, and that motion is still pending. By unpublished order, this court also just denied his petition for a writ of habeas corpus seeking a belated appeal. O'Brien v. State, No. 96-3388 (Fla. 5th DCA Jan. 30, 1997). O'Brien has also *337 unsuccessfully challenged his convictions and sentences in the federal courts.
Like other recent defendants, O'Brien seems to have no concept of the "one bite at the apple" rule or the "enough is enough" rule.[1] The remarks of this Court in recent cases are equally applicable to this case: Cassady v. State, 683 So.2d 1194, 1194 (Fla. 5th DCA 1996) (the defendant "appears to have exhausted his post-conviction remedies and has certainly exhausted us in doing so"), and Johnson v. State, 680 So.2d 1101, 1102 (Fla. 5th DCA 1996) (the defendant "seems not to have heard our message that a defendant is entitled to but one `bite at the apple' or that `enough is enough.'... Even Herman Melville had to come to an ending in Moby Dick."), and of course Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995) ("enough is enough").
We direct post-conviction litigants to the Criminal Appeal Reform Act of 1996, Chapter 96-248. This Act added section 924.051(9), Florida Statutes, which provides that it is the intent of the Legislature that the terms and conditions of collateral review and procedural bars to collateral review shall be strictly enforced. Further, a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal in any court is subject to having all or any part of his or her gain time forfeited. Section 944.28(2)(a), Florida Statutes. At this point, O'Brien is filing documents faster than this court can dispose of them. Clearly, the Legislature is trying to cut down on exactly this sort of behavior. In accordance with the Criminal Appeal Reform Act, and in order to conserve our judicial resources, we prohibit Mr. O'Brien from filing any further pro se pleadings with this court concerning his 1976/1980 convictions and sentences.
AFFIRMED.
PETERSON, C.J., and HARRIS and ANTOON, JJ., concur.
NOTES
[1] See, e.g., Harris v. State, 674 So.2d 925, 925 (Fla. 5th DCA 1996) (identical petition for habeas corpus denied as abuse of process); Holmes v. State, 669 So.2d 360, 361 (Fla. 5th DCA 1996) ("to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to individuals who have abused the system"); Lockett v. State, 657 So.2d 38, 39 (Fla. 5th DCA 1995) (Sharp, W., J., concurring specially) (to forestall defendant from filing a fifth or sixth rule 3.850 motion, court should designate defendant's motion an abuse of process); Leone v. State, 657 So.2d 26, 27 (Fla. 5th DCA 1995) (petition is abuse of process; arguments have little or no merit; arguments could and should have been raised either on direct appeal or in first rule 3.850 motion); Scott v. State, 656 So.2d 204, 204 (Fla. 5th DCA 1995) (issues raised are same as those raised in first 3.850 motion; motion is successive and must be denied); Johnson v. State, 652 So.2d 980, 980 (Fla. 5th DCA 1995) ("unlucky" thirteenth post-conviction attack; to protect limited judicial resources, petitioner prohibited from filing any further pro se pleadings).