712 So.2d 440 (1998)
David GORGE, Petitioner,
v.
The STATE of Florida, Respondent.
No. 98-756.
District Court of Appeal of Florida, Third District.
June 10, 1998.
David Gorge, in proper person.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for respondent.
Before COPE, FLETCHER and SORONDO, JJ.
PER CURIAM.
David Gorge filed a petition for writ of mandamus wherein he seeks to compel the lower tribunal to rule on his motion for correction of sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which was filed on August 18, 1997. Gorge alleges that he wrote several letters of inquiry as to the status of his motion, to no avail.
The state responds that the lower tribunal has not ruled on Gorge's motion to correct illegal sentence because the motion raises the same complaints raised in four prior motions that have been ruled upon by the lower tribunal. On April 28, 1997, the lower tribunal denied a motion to correct illegal sentence in which Gorge raised the identical claims. On June 9, 1997, the lower tribunal denied Gorge's motion for rehearing. This court affirmed the denial of relief on July 30, 1997. See Gorge v. State, 697 So.2d 150 (Fla. 3d DCA 1997). As such, the state contends that the petition for writ of mandamus should be denied as moot. We do not agree.
We grant the petition for writ of mandamus insofar as it seeks the entry of a written order ruling on Gorge's Rule 3.800 motion. See Dennis v. Rivkind, 633 So.2d 104 (Fla. 3d DCA 1994); Kramp v. Fagan, 568 So.2d 479 (Fla. 1st DCA 1990). A trial court is not free to refuse to rule, even on a meritless, successive motion.[1]See id. at 480. Because we believe that the trial court will comply with this decision, we withhold issuance of the writ at this time.
NOTES
[1] We note that an abuse of the judicial process by filing successive pleadings raising sentencing claims that were previously rejected on the merits may be the basis for the imposition of sanctions such as the forfeiture of gain time. See § 944.28(2)(a), Fla. Stat. (1997); Jackson v. State, 707 So.2d 1211 (Fla. 5th DCA 1998); Brown v. State, 702 So.2d 1370, 1371 (Fla. 1st DCA 1997); O'Brien v. State, 689 So.2d 336 (Fla. 5th DCA), rev. denied, 697 So.2d 511 (Fla.1997).