729 So.2d 963 (1999)
Kasim ALI, Petitioner,
v.
The STATE of Florida, Respondent.
No. 99-268.
District Court of Appeal of Florida, Third District.
February 24, 1999.
Kasim Ali, in proper person.
Robert A. Butterworth, Attorney General, and Paulette Taylor, Assistant Attorney General, for respondent.
Before NESBITT, JORGENSON, and SORONDO, JJ.
PER CURIAM.
In this post conviction proceeding relating to a 1983 conviction, defendant seeks a writ of habeas corpus asserting ineffective assistance of appellate counsel. We deny the petition.
Following this court's affirmance of defendant's conviction on direct appeal, he has filed in this court three motions for post conviction relief and multiple petitions for writs of habeas corpus in this court, the Florida Supreme Court, and the United States District Court. All of these have been denied.
As the Florida Supreme Court has repeatedly held, successive motions for post conviction relief are procedurally barred. See Christopher v. State, 489 So.2d 22 (Fla. 1986); Francois v. State, 470 So.2d 687 (Fla. 1985). Furthermore, successive filings of petitions for habeas corpus or writs of certiorari that are, in effect, motions for post conviction relief, are also procedurally barred. See Dennis v. State, 685 So.2d 1373 (Fla. 3d DCA 1996).
*964 The defendant is abusing the judicial process by filing post conviction pleadings that repeatedly attempt to relitigate the same issues. Accordingly, we prohibit the defendant from continuing to file any additional pro se appeals, including pleadings, motions, and petitions relating to any issue in Lower Tribunal Case No. 83-1587. See O'Brien v. State, 689 So.2d 336, 337 (Fla. 5th DCA) (holding that defendant who filed multiple post conviction proceedings relating to same case was prohibited from filing any further proceedings concerning that case), review denied, 697 So.2d 511 (Fla.1997); Dennis, 685 So.2d at 1375. Any further pleadings relating to Lower Tribunal Case No. 83-1587 must be reviewed and signed by an attorney.
We also caution defendant that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal in any court is subject to having his or her gain-time forfeited. See Gorge v. State, 712 So.2d 440, 440 n. 1 (Fla. 3d DCA 1998) (citing section 944.28(2)(a), Florida Statutes (1997) ("All or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court.")); O'Brien, 689 So.2d at 337.
Petition for Habeas Corpus denied.