728 So.2d 785 (1999)
Jack Dempsey PHILLIPS, Petitioner,
v.
Harry K. SINGLETARY, etc., et al., Respondent.
No. 98-3230
District Court of Appeal of Florida, Third District.
February 24, 1999.
*786 Jack Dempsey Phillips, in proper person.
Robert A. Butterworth, Attorney General, and Terri Leon-Benner, Assistant Attorney General, for respondent.
Before JORGENSON, GERSTEN, and SHEVIN, JJ.
PER CURIAM.
Jack Dempsey Phillips seeks a writ of habeas corpus alleging ineffective assistance of appellate counsel. We deny the petition.
Phillips was convicted in 1973 of first degree murder and assault with intent to commit murder in the first degree. He was sentenced to life imprisonment. Since that conviction and this court's affirmance on direct appeal, Phillips has filed, as far as we can determine, eighteen (18) post conviction motions, appeals, petitions for writs of habeas corpus, petitions for writs of certiorari, and motions for rehearing and clarification in this court, the Florida Supreme Court, and various federal courts including the United States Supreme Court. All of these have been denied.
As the Florida Supreme Court has repeatedly held, successive motions for post conviction relief are procedurally barred. See Christopher v. State, 489 So.2d 22 (Fla. 1986); Francois v. State, 470 So.2d 687 (Fla. 1985). Furthermore, successive filings of petitions for habeas corpus or writs of certiorari that are, in effect, motions for post conviction relief, are also procedurally barred. See Dennis v. State, 685 So.2d 1373 (Fla. 3d DCA 1996).
The defendant has abused the judicial process by filing this virtual avalanche of pleadings that attempt to relitigate the same issues ad infinitum. Accordingly, we prohibit the defendant from continuing to file any additional pro se appeals, including pleadings, motions, and petitions relating to any issue in Lower Tribunal Case No. 73-486. See O'Brien v. State, 689 So.2d 336, 337 (Fla. 5th DCA) (holding that defendant who filed multiple post conviction proceedings relating to same case was prohibited from filing any further pro se pleadings concerning that case), review denied, 697 So.2d 511 (Fla. 1997); Dennis, 685 So.2d at 1375. Any further pleadings relating to Lower Tribunal Case No. 73-486 must be reviewed and signed by an attorney.
We caution defendant that "a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal in any court is subject to having his or her gain time forfeited." O'Brien, 689 So.2d at 337 (citing section 944.28(2)(a), Florida Statutes (1997) ("All or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court.")).
Petition for Habeas Corpus denied.