On Motion for Rehearing and Clarification and Order to Show Cause

PER CURIAM.
Defendant-appellant Larry Short filed a petition for habeas corpus in the trial court, contending that the trial court erred by denying his motion to suppress evidence in connection with his 1992 trial on multiple criminal charges. He also contends that there was an inadequate inquiry when he sought to discharge his appointed attorney and have the trial court substitute a different appointed attorney at the outset of trial. The trial court denied the petition for writ of habeas corpus. Defendant appealed, and this court affirmed without opinion.

On Motion for Rehearing and Clarification

The trial court was entirely correct in denying relief, for multiple reasons. In both issues defendant claims that there was trial error. If so, those are issues which could have been raised on direct appeal. The petition for writ of habeas corpus filed in the trial court is not a substitute for appeal. See Torres-Arboleda v. Dugger, 636 So.2d 1321, 1323 (Fla.1994).
In addition, these identical claims have previously been raised by defendant in seeking postconviction relief, and relief has been denied. Thus the claims are impermissibly successive and an abuse of the process. See Fla. R.Crim. P. 3.850(f), (h); Rivera v. State, 24 Fla. L. Weekly S59, 728 So.2d 1165 (Fla.1998).*
Rehearing is denied and clarification has been granted as stated in this opinion.

On Order to Show Cause

This court issued an order for defendant to show cause why he should not be barred from any future filings seeking to challenge his convictions in circuit court case number 91-1732. Defendant has filed a response. We conclude that the defendant should be barred. See Rivera, 728 So.2d 1165, 24 Fla. L. Weekly at S59; see also Ali v. State, 729 So.2d 963, 964 (Fla. 3d DCA 1999); Phillips v. Singletary, 728 So.2d 785, 786 (Fla. 3d DCA 1999).
Defendant’s conviction in circuit court case number 91-1732 went to judgment in 1992 and was affirmed on appeal in 1993. See Short v. State, 620 So.2d 1305 (Fla. 3d DCA 1993). Although the two-year time limit for postconviction claims expired in 1995, see Fla. R.Crim. P. 3.850(b), defendant has filed numerous postconviction motions and petitions after the time limit, which do not fit within any recognized exception to the time limit, see id., or are otherwise proeedurally barred.
Defendant points out, however, that one of the postconviction motions he filed was found to have merit. At trial, defendant had been given consecutive life sentences as a habitual offender. In 1993, the Florida Supreme Court held that consecutive habitual offender sentencing was impermissible where the sentence resulted from the same criminal episode. See Hale v. *1007 State, 630 So.2d 521, 524-25 (Fla.1993). In 1995, the Florida Supreme Court held that the Hale decision was retroactive, and created a two-year window “for criminal defendants to challenge the imposition of consecutive habitual felony offender sentences for multiple offenses arising out of a single criminal episode.” State v. Callaway 658 So.2d 983, 987 (Fla.1995). Defendant timely filed a postconviction motion seeking to change his consecutive sentences to concurrent sentences. This court so ordered. See Short v. State, 696 So.2d 398 (Fla. 3d DCA 1997). This particular claim was timely because it fell within the two-year window created by Callaway. See id.; Fla. R.Crim. P. 3.850(b)(2); see also Dixon v. State, 730 So.2d 265, 267-68 (Fla.1999).
With the exception of the defendant’s issue regarding consecutive habitual offender sentencing, defendant has filed numerous other postconviction pleadings which have been time-barred, impermissi-bly successive, or otherwise procedurally barred. We therefore bar defendant from filing further postconviction pleadings attacking his convictions or sentences in circuit court case number 91-1732. The only exception would be for matters clearly falling within the time limit exceptions found in Rule 3.850(b)(1) and (2), that is, a bona fide claim of newly discovered factual evidence, see id. R. 3.850(b)(1), or a decision announced by the Florida Supreme Court or United States Supreme Court after the date of this decision, stating that a newly announced rule will be applied retroactively. See id. R. 3.850(b)(2). Furthermore, if defendant should make abusive filings under these time limit exceptions, then the court may bar any further filings entirely.
Rehearing denied; clarification granted; further filings barred.

 Assuming arguendo that there were no procedural bar, we see no merit in either of defendant’s claims.