PER CURIAM.
We treat this appeal as a petition for writ of certiorari and the petition is denied. See S.Y. v. McMillan, 563 So.2d 807 (Fla. 1st DCA 1990)(“A court has the inherent power to control the conduct of its own proceedings in order to preserve order and decorum in the courtroom, to protect the rights of parties and witnesses, and to generally further the administration of justice.”); State ex rel. Gore Newspapers Co. v. Tyson, 313 So.2d 777 (Fla. 4th DCA 1975). See also Petition of Florida Bar, 61 So.2d 646 (Fla.1952)(“[R]egularly constituted courts have the power to do anything that is reasonably necessary to administer justice within the scope of its jurisdiction, but not otherwise. Inherent power has to do with the incidents of' litigation, control of the court’s process and procedure, control of the conduct of its officers and the preservation of order and decorum with reference to its proceedings.”); In re Public Defender’s Certification of Conflict and Motion to Withdraw Due to Excessive Case Load and Motion for Writ of Mandamus, — So.2d -, 1998 WL 57508 (Fla. 2d DCA 1998)(“Where litigants or attorneys have substantially interfered with the orderly process of judicial administration, courts may, and should, exercise their inherent authority to prevent abuse of the judicial system by, among other things, barring the offending party from filing further proceedings.”), approved, 709 So.2d 101 (Fla.1998); Attwood v. Singletary, 661 So.2d 1216 (Fla.1995); Huffman v. State, 693 So.2d 570 (Fla. 2d DCA 1996); Dennis v. State, 685 So.2d 1373 (Fla. 3d DCA 1996); Holmes v. State, 669 So.2d 360 (Fla. 5th DCA 1996); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995); Birge v. State, 620 So.2d 234 (Fla. 1st DCA 1993).