756 So.2d 232 (2000)
Theodore MacARTHUR, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, et al., Respondents.
No. 3D99-3163.
District Court of Appeal of Florida, Third District.
April 26, 2000.
*233 Theodore MacArthur, in proper person.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for respondents.
Before GODERICH, GREEN, and FLETCHER, JJ.
PER CURIAM.
We deny Theodore MacArthur's petition for writ of habeas corpus. The petition is untimely filed beyond the two-year limitation period imposed by Florida Rule of Appellate Procedure 9.140(j)(3)(B), where the petitioner has not alleged under oath with a specific factual basis that he was affirmatively misled about the results of the appeal by counsel.
"Deficient performance is only the first part of the inquiry, even where petitioner can point to a deficiency in counsel's performance that deficiency will not warrant granting a Writ of Habeas Corpus if counsel's errors had no effect on the outcome of his case. Counsel's deficiencies in performance must be prejudicial to petitioner and petitioner must affirmatively demonstrate that prejudice. It is not enough that petitioner show that counsel's errors conceivably had some effect on the outcome of the proceeding, petitioner must show that, but for counsel's errors, a different result would have been reached."
Barclay v. Singletary, 642 So.2d 583 (Fla. 3d DCA 1994) (citations omitted). Furthermore, a petition for writ of habeas corpus that is in effect a successive motion for postconviction relief is procedurally barred. See Ali v. State, 729 So.2d 963 (Fla. 3d DCA 1999); Phillips v. Singletary, 728 So.2d 785 (Fla. 3d DCA 1999); Morejon v. State, 740 So.2d 547 (Fla. 3d DCA 1999); see also Robinson v. State, 707 So.2d 688 (Fla.1998)(holding that defendant who seeks postconviction relief is procedurally barred from raising claims that could or should have been raised on direct appeal); Morejon v. State, 729 So.2d 933 (Fla. 3d DCA 1999). See also Calloway v. State, 699 So.2d 849 (Fla. 3d DCA 1997) (holding that habeas petition cannot be used to circumvent the limitations period imposed by rule 3.850).
The petition for writ of habeas corpus is denied.