814 So.2d 516 (2002)
Lonnie WALKER, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D 01-2702.
District Court of Appeal of Florida, Third District.
April 24, 2002.
Lonnie Walker, in proper person.
*517 Robert A. Butterworth, Attorney General, for respondent.
Before SCHWARTZ, C.J., and FLETCHER and RAMIREZ, JJ.
PER CURIAM.
Lonnie Walker petitioned this court for a writ of mandamus to compel the lower court to rule on several pending motions recently filed by Walker relating to trial court case number 80-21484. The record reflects that appellant has filed approximately twenty-seven various motions, petitions for writs, and successive appeals from denial of post-conviction relief with this court since 1984, all of which have been resolved adverse to the defendant.[1] These various appeals and petitions raised issues which are either repetitive, not cognizable, or completely baseless.
Walker was ordered to file a response within thirty (30) days and show cause why this court should not prohibit him from submitting further pro se appeals, petitions or motions regarding the conviction and sentence imposed in case number 80-21484 unless such pleadings are signed by a member of the Florida Bar. See Phillips v. Singletary, 728 So.2d 785 (Fla. 3d DCA 1999); Davis v. State, 705 So.2d 133 (Fla. 5th DCA 1998); Dennis v. State, 685 So.2d 1373 (Fla. 3d DCA 1996). We find Walker's Response insufficient.
Accordingly, we deny Walker's petition for mandamus, and direct the clerk of this court to reject for filing any notices of appeal, motions, or petitions for extraordinary relief arising out of Walker's conviction and sentence in trial court case number 80-21484 unless such pleadings are signed by a member of the Florida Bar. *518 See also Rivera v. State, 805 So.2d 21 (Fla. 2d DCA 2001).
NOTES
[1] The defendant has filed numerous petitions for writ of mandamus in the Third District, all of which have been denied. Walker v. State, 766 So.2d 1056 (Fla. 3d DCA 2000); Walker v. State, 766 So.2d 1056 (Fla. 3d DCA 2000)(two petitions); Walker v. State, 764 So.2d 596 (Fla. 3d DCA 2000); Walker v. State, 758 So.2d 683 (Fla. 3d DCA 2000)(proh.den.); Walker v. Black, 755 So.2d 129 (Fla. 3d DCA 2000); Walker v. Black, 744 So.2d 1009 (Fla. 3d DCA 1999); Walker v. State, 717 So.2d 1029 (Fla. 3d DCA 1998)(two petitions); Walker v. State, 698 So.2d 856 (Fla. 3d DCA 1997); Walker v. State, 693 So.2d 558 (Fla. 3d DCA 1997); Walker v. Farina, 687 So.2d 249 (Fla. 3d DCA 1997); Walker v. Rivkind, 643 So.2d 1095 (Fla. 3d DCA 1993); Walker v. Brinker, 560 So.2d 1180 (Fla. 3d DCA 1990); Walker v. Salmon, 551 So.2d 1219 (Fla. 3d DCA 1989). In addition, the defendant's multiple successive motions for post-conviction relief were all denied by the trial court and affirmed by this Court: Walker v. State, 789 So.2d 1001 (Fla. 3d DCA 2001)(appeal dism.); Walker v. State, 782 So.2d 882 (Fla. 3d DCA 2001)(rule 3.850); Walker v. State, 784 So.2d 1116 (Fla. 3d DCA 2001)(cert.denied); Walker v. State, 774 So.2d 702 (Fla. 3d DCA 2000)(rule 3.800); Walker v. State, 742 So.2d 533 (Fla. 3d DCA 1999)(petition for belated appeal); Walker v. State, 731 So.2d 674(Fla. 3d DCA 1999)(rule 3.850); Walker v. Singletary, 664 So.2d 258 (Fla. 3d DCA 1995)(habeas corpus); Walker v. State, 656 So.2d 161 (Fla. 3d DCA 1995); Walker v. State, 638 So.2d 955 (Fla. 3d DCA 1994); Walker v. State, 633 So.2d 1085 (Fla. 3d DCA 1994); Walker v. State, 576 So.2d 1324 (Fla. 3d DCA 1991); Walker v. State, 545 So.2d 880 (Fla. 3d DCA 1989)(habeas corpus); Walker v. State, 531 So.2d 1358 (Fla. 3d DCA 1988)(rule 3.850).

The defendant has also filed numerous actions in other appellate courts, which have all been denied. Walker v. State, 743 So.2d 16 (Fla.1999)(all writs); Walker v. Florida Parole Comm'n, 706 So.2d 294 (Fla. 1st DCA 1998); Walker v. Register, 692 So.2d 186 (Fla.1997); Walker v. Third District, 663 So.2d 633 (Fla.1995)(prohibition); Walker v. Florida Parole Comm'n, 645 So.2d 462 (Fla. 1st DCA 1994); Walker v. Singletary, 641 So.2d 869 (Fla. 1st DCA 1994); Walker v. Singletary, 632 So.2d 1029 (Fla.1994)(habeas corpus); Walker v. Dugger, 587 So.2d 471 (Fla. 1st DCA 1991); Walker v. Florida Parole Comm'n, 563 So.2d 649 (Fla. 4th DCA 1990); Walker v. Dept. of Corrections, 469 So.2d 753 (Fla. 1st DCA 1985).