ROTHENBERG, Judge.
The defendant, Ralph Alonza Everett appeals the denial of a petition for writ of habeas corpus which is premised upon the claim that the trial court erred in accepting his plea without establishing a factual basis to support his conviction for robbery. We conclude that since the defendant’s claim involves a challenge to his plea, the proper vehicle is a motion for postconviction relief, not habeas corpus. We, therefore, treat the instant petition as a timely-filed motion for postconviction relief, and affirm on the basis that the ground raised is proeedurally barred and without merit.
On November 19, 2002, the defendant entered a plea of guilty to strong-arm robbery in exchange for a sentence of fifteen years incarceration as a prison releasee reoffender, which the trial court agreed to run concurrent with any sentence imposed by the department of corrections for a violation of his parole in case number 89-8980(A).
On December 12, 2002, the defendant filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(1), which was denied by the trial court following an evidentiary hearing. The defendant filed a direct appeal and on December 8, 2004, we affirmed the trial court’s denial of the defendant’s motion to withdraw his plea. Everett v. State, 888 So.2d 167 (Fla. 3d DCA 2004).
On March 14, 2005, the defendant filed a petition for writ of habeas corpus with the Florida Supreme Court, claiming that the trial court and this court erred in denying his motion to withdraw his plea. The Florida Supreme Court dismissed the defendant’s petition for lack of jurisdiction on March 22, 2005.
On May 19, 2005, the defendant filed the instant petition for writ of habeas corpus in the trial court, which the trial court denied on June 2, 2005, to which the defendant now appeals.
The only ground raised in the defendant’s brief in the instant appeal is that the trial court erred in accepting his plea without establishing that there was a factual basis to support it. As previously noted, the defendant filed a motion to withdraw his plea, which was denied by the trial court and affirmed by this court on direct appeal. A defendant seeking postconviction relief is proeedurally barred from raising claims that he could have raised and should have raised on direct appeal. MacArthur v. Moore, 756 So.2d 232 (Fla. 3d DCA 2000); see also Harvey v. Dugger, 656 So.2d 1253, 1256 (Fla.1995)(postconviction proceedings are not to be used as a second appeal). As the defendant could have raised the grounds now raised when he filed, litigated, and appealed his motion to withdraw his plea in 2002, we conclude that the issue is procedurally barred.
We also deny the motion on the merits. A review of the plea colloquy by the trial court reflects that the defendant’s claim that the trial court erred by failing to establish that there existed a factual basis for the defendant’s plea, is without merit. The transcript reflects that prior to accepting the defendant’s guilty plea, the defendant was provided with a Written Plea and Rights Waiver Form, which he acknowledged under oath that he had read and signed voluntarily and that he understood and agreed with all of the terms and conditions. After again explaining the charges and plea to the defendant, the trial court specifically asked the defendant if he was entering his plea of guilty freely and voluntarily and because he was guilty of the charges, and the defendant answered “Yes.” Before accepting the plea, the trial court asked for and received a recitation of the facts by the State, which was, that had *1243 the State proceeded to trial, it would have proven that
the defendant unlawfully, willfully, with force, violence or fear, took property from ... [the victim] who worked at the food spot located at 10801 Northeast 13th Avenue, which is in Miami Dade County. The defendant having the intention to deprive the person of his property.
Additionally, the defendant’s trial attorney stipulated that there was a factual basis for the plea, and the trial court specifically found that there was a factual basis to support the plea.[1]
As the defendant’s motion is both procedurally barred and without merit, we affirm the trial court’s denial of his motion.
Affirmed.

. The trial court specifically noted that it had reviewed the court file and depositions of the lead officer and the victim, and the plea transcript additionally reflects that the trial court heard a motion to suppress on that very morning, at which the defendant testified.