PER CURIAM.
The petitioner in this case is a former correctional officer who was convicted of sexual battery on an inmate and introduction of contraband. The petitioner’s judgment and sentence were affirmed on direct appeal by this court in 2011. See Hawkins v. State, 68 So.3d 237 (Fla. 1st DCA 2011). Since the affirmance of the *1284 petitioner’s judgment and sentence, he has brought five habeas corpus petitions attempting to collaterally attack the judgment and sentence. This is the fifth such petition; the four prior petitions have all been dismissed. See Hawkins v. State, 151 So.3d 494 (Fla. 1st DCA 2014); Hawkins v. State, 2015 WL 770253 (Fla. 1st DCA 2015); 2037501458 Hawkins v. State, 164 So.3d 109 (Fla. 1st DCA 2015); Hawkins v. State, 164 So.3d 772 (Fla. 1st DCA 2015). In the two most recent opinions dismissing Hawkins’ petitions, he was warned that any future successive or frivolous filings could result in sanctions, including a referral to the Florida Department of Corrections for disciplinary procedures pursuant to section 944.279, Florida Statutes. See Hawkins, 164 So.3d at 109; Hawkins, 164 So.3d at 772.
Hawkins now files a fifth habeas corpus petition, again attempting to collaterally attack the judgment and sentence by claiming that the victim’s report of sexual battery was false. We issued an order directing Hawkins to show cause why he should not be subjected to sanctions for the repeated filing of successive and frivolous petitions, even after multiple warnings from this court. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999). Hawkins’ only response has been to file three more habe-as corpus petitions, which are not responsive to our show cause order but instead again attempt to dispute the victim’s credibility and otherwise attack the validity of the judgment and sentence.
We find that Hawkins’ activities before this court “are an abuse of the legal process that has ‘substantially interfered with the orderly process of judicial administration.’ ” Fails v. State, 46 So.3d 1032, 1033 (Fla. 1st DCA 2010) (quoting Birge v. State, 620 So.2d 234, 235 (Fla. 1st DCA 1993)). We further find that Hawkins’ petition is frivolous. As such, Hawkins is hereby prohibited from bringing any further pleadings in this court challenging the judgment and sentence in Gadsden County Circuit Court case number 08-656CFA. A certified copy of this opinion shall be provided to the Florida Department of Corrections pursuant to section 944.279, Florida Statutes (2015), for the imposition of disciplinary proceedings pursuant to Department rules.
PETITION DISMISSED and SANCTION IMPOSED.
ROWE, SWANSON, and BILBREY, JJ., concur.