# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2004
Lower Tribunal No. F15-20650
_____

**Jean Coty Ridore,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Jean Coty Ridore, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before SCALES, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Jean Coty Ridore, appeals the dismissal of his successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, appellant asserted a myriad of errors at the trial level and alleged that his appellate attorney "opted to raise a single issue that was <u>not</u> properly preserved for appellate review and the issue was not made part of the evidence/record while [he or she] totally ignored the issues that were properly preserved." It is axiomatic that a motion for postconviction relief is not a second appeal and cannot be used to litigate issues that could have been raised on direct appeal or in prior postconviction proceedings. <u>Smith v. State</u>, 445 So. 2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack."); <u>Everett v. State</u>, 928 So. 2d 1241, 1242 (Fla. 3d DCA 2006) ("A defendant seeking postconviction relief is procedurally barred from raising claims that he could have raised and should have raised on direct appeal."). Accordingly, we affirm without prejudice to any right appellant may have to file a petition pursuant to Florida Rule of Appellate Procedure 9.141(c), alleging ineffective assistance of appellate counsel.

Affirmed.