767 So.2d 1240 (2000)
Michael NEWELL, Petitioner,
v.
Michael MOORE, Secretary Florida Department of Corrections, Respondent.
No. 1D99-2413.
District Court of Appeal of Florida, First District.
August 25, 2000.
Rehearing Denied October 2, 2000.
*1241 Petitioner pro se.
Robert A. Butterworth, Attorney General; Karen Armstrong, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Petitioner Michael Newell petitions this court for certiorari review of the trial court's order which dismissed his petition for writ of mandamus. See Sheley v. Florida Parole Comm'n, 703 So.2d 1202, 1204 (Fla. 1st DCA 1997)(criminal division en banc). Below, by petition for writ of mandamus, petitioner sought review of a Department of Corrections' decision disciplining him for disobeying an order in violation of an administrative code rule. Because we find that the trial court did not depart from the essential requirements of law by denying petitioner's petition for writ of mandamus, we deny the petition for writ of certiorari.
The record indicates that on April 20, 1998, petitioner, who worked in the prison library, filed a "Request for better quality electronic equipment through the canteen" [hereinafter instant request]. In the instant request, petitioner stated that he "would appreciate it" if "high-tech Pilot Pens, an inexpensive Sony digital radio, and a better quality set of headphones than those now made available" were made accessible for purchase in the prison canteen. To buttress the instant request, petitioner attached photocopies of two previously submitted documents: a "Request for better quality electronic equipment through canteen[,]" and a request on which petitioner hand-wrote "Informal Grievance" and added "Forced purchase of single inferior product[;] Violation of Competitive Vendor Bidding."[1] Petitioner explained that he attached the two photocopies to prove that he previously experienced success with requesting items not carried by another prison's canteen.
At the time that petitioner filed his instant request, Florida Administrative Code Rule 33-3.0051 (1998), Copying Services for Inmates, was located in chapter 33-3, Operation of Institutions. This chapter addressed a variety of issues such as admissible reading material (formerly Fla. Admin. Code Ann. r. 33-3.012 (1998), currently Fla. Admin. Code Ann. r. 33-501.401 (2000)), which set forth the types of reading materials inmates are permitted to receive and possess; inmate telephone use (formerly Fla. Admin. Code Ann. r. 33-3.0125 (1998), currently Fla. Admin. Code Ann. r. 33-602.205 (2000)), which outlined inmate telephone use; and also copying *1242 services for inmates (Fla. Admin. Code Ann. r. 33-3.0051 (1998), currently Fla. Admin. Code Ann. r. 33-602.405 (2000)), at issue in the instant case. In 1998, the contents of chapter 33-3 were either transferred or repealed. Rule 33-3.0051 was transferred to Florida Administrative Code Rule 33-602.405, located in chapter 33-602, Security Operations. Both the 1998 and current versions of the inmate copying service rule contain five sections that outline how photocopying will be conducted in prison institutions. Rule 33-602.405(2) states:
Documents will be copied only if they are necessary to initiate a legal or administrative action or if they must be filed or served in a pending action. The number of copies made shall be the number required to be filed and served according to the rules of the court or administrative body[;] one additional copy shall be made for the inmate to keep if the original is filed or served. Cases, statutes, and other reference materials are not evidentiary materials and will not be copied to accompany legal documents.
This section is followed by section three, which dictates that inmates will be charged fifteen cents per page for standard-sized copies, or more, if the copies require special equipment or paper. Section four describes how inmates may not be denied copies if they are unable to pay for them, and sets forth the process to be followed to place a hold on an inmate's account to compensate the institution for making the copies.
Our review of the contents of petitioner's instant request indicates that petitioner did not file the inmate request to initiate a legal or administrative action, but to merely request that the prison canteen carry certain items not currently available for purchase. Petitioner did not designate his request as an inmate grievance, although the record indicates that petitioner has filed numerous inmate grievances in the past. Former rule 33-3.0051 can be properly interpreted to mean that the rule prohibited petitioner from possessing the two photocopies because the instant request was not submitted to initiate a legal or administrative action. Thus, it can be said that there was at least some evidence in the record to support the disciplinary team's decision. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).
Petitioner asserts that rule 33-3.0051 does not apply to inmates but merely directs prison staff on how to provide copying services for inmates. A reading of the complete rule 33-3.0051, as well as other rules contained within the former chapter 33-3, indicates that many of these rules are meant to apply to inmates as well as prison staff. For example, the provision concerning admissible reading material applies to inmates, who are subject to reprimand if caught possessing inadmissible material, as well as to prison staff who must monitor reading material as it enters the institution. Likewise, inmate telephone use directs when inmates may use telephones as well as how prison staff should monitor telephone usage. The same can be said regarding copying services for inmates. Rule 33-3.0051 outlines how prison staff should handle making photocopies for inmates, but it also specifies when inmates are entitled to have copies made for their use in certain permissible circumstances. Thus, rule 33-3.0051 applies to inmates as well as prison staff members responsible for making photocopies for inmates.
Petitioner has filed before this court a petition for certiorari seeking review of the trial court's dismissal of his petition for writ of mandamus. A party petitioning a court for a writ of mandamus must demonstrate a violation of a clear legal right and a corresponding breach of an indisputable legal duty. See Jackson v. Florida Dep't of Correct., 25 Fla. L. Weekly S353, ___ So.2d ___, 2000 WL 551034(Fla. May 4, 2000). Petitioner did *1243 not make such a showing below. Thus, because it cannot be stated that the trial court departed from the essential requirements of law (see Smith v. Smith, 764 So.2d 650 (Fla. 1st DCA 2000)), we deny the petition for writ of certiorari.
DAVIS AND PADOVANO, JJ., CONCUR. BENTON, J., DISSENTS WITH OPINION.
BENTON, J., dissenting.
The Department of Corrections (DOC) placed Michael Newell in disciplinary confinement and forfeited gain-time (so extending his incarceration) simply because he attached a photocopy of each of two official DOC decisions (noted on the same forms as the requests that gave rise to them) to an "inmate request at the institutional level" he made on April 20, 1998, asking that certain items be offered for sale at the prison canteen. Except for inclusion of the attachments, the propriety of this request has not been questioned.
Mr. Newell now petitions for a writ of certiorari to review the trial court's order dismissing his petition for writ of mandamus, which sought review of DOC's decision imposing discipline for purportedly disobeying an order. Because the record contains no order nor any evidence that attaching the photocopies violated any order, I respectfully dissent from denial of the petition for writ of certiorari.
DOC does not suggest that filing the inmate request was itself improper. But Lynn Hart, the institutional business manager who received the request, filed a disciplinary report alleging Mr. Newell had violated section 6-1 of Florida Administrative Code Rule 33-2.012 because:
Attached to [the] request were photographic copies of two previously submitted Inmate requests. Chapter 33-3.0051 allows photographic copies to be provided to inmates for legal purposes only. These copies were used as part of a routine inmate request.
At the conclusion of the disciplinary hearing held on May 1, 1998, the disciplinary team found Mr. Newell guilty of violating section "6-1 (Disobeying a Written or Verbal Order)," based on the following:
Inmate pleads not guilty. The team accepts that plea, however finds him guilty based on the specific statement of facts by Business Manager L. Hart, "While performing my duties as Business Manager I responded to an Inmate Request from Inmate Newell.... Attached to his request were photographic copies to be provided to inmates for legal purposes only. These copies were used as part of a routine inmate request." Witness statements were read and considered.
As punishment for disobeying an order, the team sentenced Mr. Newell to thirty days' disciplinary confinement and forfeited thirty days' gain-time.
After exhausting administrative remedies within DOC, Mr. Newell filed a petition for writ of mandamus in circuit court. On May 27, 1999, the circuit court entered a final order dismissing the petition, concluding that DOC had afforded him due process because "some evidence" in the record supported the disciplinary team's decision. See generally Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). In fact, however, DOC adduced no evidence that could support a finding that any order, verbal or written, existed, much less evidence that Mr. Newell violated an order.
Florida Administrative Code Rule 33-3.0051(2) (currently Rule 33-602.405(2)) is addressed to prison staff, and describes documents they are authorized to copy for inmates. It is not a "written order" and it is not in terms directed to inmates. DOC also cites Florida Administrative Code Rule 33-29.015(8) (currently Rule 33-103.015(8)) (prohibiting photocopies of attachments *1244 "that are a continuation of the request portion" of an inmate grievance) as authority for its conclusion that Mr. Newell violated section 6-1 of Rule 33-22.012. But Rule 33-29.015(8), too, is addressed to prison staff and not in terms to inmates. Nor is Rule 33-29.015(8) an order.
I would quash the order of dismissal and remand for further proceedings on the petition for writ of mandamus.
NOTES
[1] This was not the first informal grievance filed by petitioner. The record indicates that petitioner has filed numerous inmate grievances in the past, specifically categorized by petitioner as such.