ORDER STRIKING MOTION FOR REHEARING EN BANC

CAMPBELL, MONTEREY, (Senior) Judge.
Vincent Rivera pleaded to first-degree murder and robbery in trial court case number 90-3266 and to second-degree murder in trial court case number 90^4165. The judgments and sentences were entered in both cases on January 25, 1991. Rivera did not appeal, and the judgments and sentences became final thirty days later. Beginning in 1997, Rivera has filed five petitions for writs with this court in which he attacked the voluntary nature of his plea, the evidentiary rulings of the trial court, the effectiveness of his trial counsel, and his judgments and sentences. Such claims should have been brought in appeals from the judgments and sentences, if the claims were properly preserved, or pursuant to Florida Rule of Criminal Procedure 3.850. In addition, Rivera has filed numerous unauthorized motions for rehearing and motions for reinstatement in connection with these petitions. Rivera’s 1997 appeal of the judgment and sentences in trial court case number 90-3266 was dismissed as untimely because it was not filed within thirty days of January 25, 1991. Rivera’s appeals were also dismissed where he appealed nonexistent orders of the trial court. We do not include in this catalog Rivera’s appeals from the trial court orders denying as untimely the rule 3.850 motions that he began filing in 1996.
In the present case, in trial court case number 90-4165, Rivera filed a petition for writ of mandamus naming the trial court as the respondent[1] wherein he alleged that the original judgment and sentence is illegal and that he is entitled to a direct appeal. He also alleged, incorrectly, that the trial court had ruled he was entitled to posteonviction relief. He then requested, without ever stating the relief he *22 was seeking, that we grant his petition. A petition for writ of mandamus must allege a violation of a clear legal right and the breach of an indisputable legal duty. Newell v. Moore, 767 So.2d 1240 (Fla. 1st DCA 2000). Rivera did not allege the violation of a clear legal right or the breach of an indisputable legal duty. The petition was denied by order of this court dated November 13, 2000. As was the case with Rivera’s prior petitions, the petition is frivolous and states no legal basis for relief. Rivera has since filed a motion to reinstate the petition, which was denied, and a motion for rehearing en banc, which we hereby strike as unauthorized.
In the present case, we issued an order directing Rivera to show cause why he should not be prohibited from filing future notices of appeal or petitions in this court in relation to trial court case numbers 90-3266 and 90-4165. Rivera’s response to the order to show cause did not address the issues raised in the order but merely restated his previously raised claims that his pleas were involuntary and trial counsel was ineffective. Accordingly, we direct the clerk of this court to reject for filing any notices of appeal or petitions for extraordinary relief arising out of Rivera’s convictions in the above trial court cases.
Motion for rehearing en banc stricken.
BLUE, C.J., and THREADGILL, J., concur.

. This is in violation of Florida Rule of Appellate Procedure 9.100(e)(1), which indicates that when a petition for writ of mandamus seeks a writ directed to a trial judge, the name of the judge is to be omitted from the caption.