PER CURIAM.
We affirm the denial of appellant’s motion under Rule 3.850, Florida Rules of Criminal Procedure. Contrary to appellant’s contention, his negotiated plea of guilty to three third degree felonies, in which he agreed to a sentence of ten years, in order to avoid a sentence of up to thirty years as an habitual offender, is not unlawful. The state gave notice of its intention to seek habitual offender classification under section 775.084, Florida Statutes, pursuant to which appellant could have received a sentence of up to thirty years, since the sentence for each third degree felony could be increased to ten years. Further, contrary to appellant’s assumption, in reliance upon Whitehead v. State, 498 So.2d 863 (Fla.1987), a sentence imposed under the habitual offender statute is not subject to the sentencing guidelines. See, subsection (4)(e), section 775.084, Florida Statutes, added by amendment, Chapter 88-131, Laws of Florida.
Although we affirm the order appealed, we note that the record discloses sentences of ten years on each of the three offenses. On remand, the court is instructed to correct the sentences to reflect a-sentence of five years for each offense, at least two of which shall run concurrently, or any other combination of sentences the court may in its discretion impose, not to exceed an aggregate sentence of ten years.
SMITH, ALLEN and DAVIS, JJ., concur.