690 So.2d 754 (1997)
Clarence H. HALL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 97-527.
District Court of Appeal of Florida, Fifth District.
April 4, 1997.
Clarence H. Hall, Jr., Palatka, pro se.
No appearance for Appellee.
PER CURIAM.
Clarence Hall (the defendant) has filed this pro se appeal of the summary denial of his five rule 3.800(a) motions.[1] In these motions, he challenged the legality of his 1990 sentences, arguing that the imposition of his habitual offender status was improper. This claim of error was raised by the defendant, and rejected by this court, in a recent petition for habeas corpus relief. Hall v. State, No. 97-242 (Fla. 5th DCA Feb. 21, 1997). Accordingly, we affirm. See Cassady v. State, 683 So.2d 1194 (Fla. 5th DCA 1996).
The defendant was sentenced in 1990 for three counts of sale or delivery of cocaine. Prior to the instant appeal, the defendant had filed three unsuccessful rule 3.850 motions.[2] He had also filed several unsuccessful petitions for extraordinary relief. Apparently, the defendant believes that motions for post-conviction relief are akin to lottery tickets in the sense that, if he files enough of them, one will eventually hit. He is wrong.
We are convinced, even if the defendant is not, that the sentences imposed for the defendant's 1990 convictions are legal. We are further convinced that the defendant's successive post-conviction challenges to his 1990 sentences constitute an abuse of process. Accordingly, we must limit the defendant's access to this court in order to conserve our limited resources. Furthermore, we advise the defendant that any further pursuit of frivolous appeals will subject him to sanctions as provided in section 944.28(2)(a), Florida Statutes (Supp.1996). Therefore, we prohibit the defendant from filing with this court any further pro se pleadings concerning his 1990 convictions for the sale and delivery of cocaine.
AFFIRMED.
DAUKSCH, GRIFFIN and ANTOON, JJ., concur.
NOTES
[1] Fla. R.Crim. P. 3.800(a).
[2] Fla. R.Crim. P. 3.850.