785 So.2d 698 (2001)
Danny WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-1272.
District Court of Appeal of Florida, First District.
May 21, 2001.
Nancy A. Daniels, Public Defender; Tracy T. Murphy, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Bryan Jordan and Daniel A. David, Assistant Attorneys General, Tallahassee, for Appellee.
*699 BROWNING, J.
Appellant appeals the trial court's denial of his motion under Florida Rule of Criminal Procedure 3.800(b)(2). Appellant raised two grounds on appeal, only one of which merits discussion. Appellant argues the trial court reversibly erred by relying on Appellee's amended 1995 scoresheet, which scored the wrong offense as primary, and by denying Appellant's request for resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000). We agree and reverse on this first ground, and affirm as to Appellant's second claim because it was not preserved for appeal. See Maddox v. State, 760 So.2d 89, 98 (Fla.2000); Harvey v. State, 786 So.2d 595 (Fla. 1st DCA 2001); Taylor v. State, 26 Fla. L. Weekly D560 (Fla. 2d DCA Feb.23, 2001).
Under Heggs, Appellant is entitled to be resentenced if his offense was committed within the window established by Trapp v. State, 760 So.2d 924, 928 (Fla.2000), and his sentence under the 1995 guidelines could not be imposed under the 1994 guidelines without a departure. Appellant meets both criteria.
Appellant's primary offense, Count II, charges a felony "with a continuing date of enterprise." Appellant is required to be sentenced under the guidelines in effect when the enterprise began, i.e., on November 1, 1995, which falls within the window established by Trapp. Appellant's recommended range under the 1994 sentencing guidelines is 162.3 to 270.6 prison months, and his recommended range under the 1995 guidelines is 274.5 to 457.5 prison months. Thus, Appellant's sentence under the 1995 guidelines could not have been imposed under the 1994 guidelines without a departure. Accordingly, Appellant is entitled to be resentenced under the 1994 guidelines.
Appellee's computation of its amended 1995 scoresheet is invalid and does not change this result because it scored the wrong offense as the primary offense. The correct primary offense is Appellant's conviction under Count II, and not Count I as argued by Appellee. See Fla. R.Crim. P. 3.701(d)(3); see also Jeter v. State, 604 So.2d 1250, 1251 (Fla. 1st DCA 1992); Echols v. State, 660 So.2d 782, 785 (Fla. 4th DCA 1995).
REVERSED and REMANDED for resentencing under the 1994 sentencing guidelines, using Count II as the primary offense. All other issues are affirmed.
DAVIS and PADOVANO, JJ., concur.