808 So.2d 290 (2002)
Curtis HOLT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2918.
District Court of Appeal of Florida, First District.
March 6, 2002.
*291 Appellant, pro se.
Robert A. Butterworth, Attorney General, and Anne C. Toolan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges an order of the trial court denying his motion to correct his illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He pled straight up to sexual battery of a child twelve years of age or older but less than eighteen years of age by a familial custodian, in violation of section 794.011(8)(b), Florida Statutes. He was sentenced to six years of incarceration followed by two years of sexual offender probation.
The trial court indicated in her order denying appellant's 3.800(a) motion that both the State and the defendant waived the sentencing guidelines. Although the record clearly shows that the State waived the guidelines, there is no indication that the defendant waived the guidelines. To the contrary, during the sentencing hearing, the defendant stated: "Who waived the guidelines? I did? No, I didn't."
At the request of the defendant, the State stipulated at the sentencing hearing that the offense date was January 1, 1994. To address the concern of the trial court that the 1994 sentencing guidelines range would not be exceeded by her sentencing, the State provided a 1994 guidelines scoresheet to the court that scored the offense as a level nine offense. Appellant filed the instant motion claiming that his offense should have been scored as a level seven offense under the 1994 sentencing guidelines, which would have set the upper end of the guidelines range at 70.5 months (5.8 years) of incarceration.
In 1993, section 794.041, which formerly outlawed sexual battery by a familial custodian, was repealed, and section 794.011(8)(b), outlawing the same crime, was enacted. See Ch. 93-156, §§ 3-4, at 911, Laws of Fla. Section 921.0012, which contains the sentencing guidelines ranking chart, did not list section 794.011(8)(b) until October 1, 1995. See Ch. 95-184, § 5, at 1679, 1692, Laws of Fla. Section 921.0013(3), Florida Statutes (1993), states that an unlisted felony of the first degree is to be scored as a level seven offense. Accordingly, a violation of section 794.011(8)(b), Florida Statutes (1993) is an unlisted first-degree felony that should be scored as a level seven offense. See Chavis v. State, 796 So.2d 607 (Fla. 2d DCA 2001) (declining to accept argument that omission from ranking chart was unintended by the legislature, therefore requiring offense to be ranked as a level seven offense rather than level nine); Millien v. State, 766 So.2d 475 (Fla. 4th DCA 2000) *292 (same), review denied, No. SC00-2049, 804 So.2d 329 (Fla. Apr.3, 2001); Mitchell v. State, 791 So.2d 1257 (Fla. 5th DCA 2001) (same).
This scoresheet error was not harmless because the appellant's current sentence could not have been imposed under the 1994 sentencing guidelines without a departure. See Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001). Accordingly, we reverse the denial of Appellant's motion and remand for resentencing with the primary offense scored as a level seven offense under the 1994 sentencing guidelines.
BOOTH, BROWNING and POLSTON, JJ., concur.