BROWNING, J.
Pursuant to Willis v. State, 785 So.2d 698 (Fla. 1st DCA 2001) {Willis I), the trial court’s denial of Danny Willis’ (Appellant) motion to correct sentence under Heggs v. State, 759 So.2d 620 (Fla.2000), was reversed. In Willis I, 785 So.2d at 699, this court concluded that because Appellant’s sentence- — which was between the lower and upper limits of the unconstitutional 1995 guidelines--could not have been imposed under the 1994 guidelines, Appellant was entitled to re-sentencing under the 1994 guidelines using Count II as the primary offense. Appellant contends that the trial court reversibly erred on re-sentencing by scoring Count II (sexual battery by a person in familial or custodial authority) as a Level 9, rather than Level 7, offense on the guidelines scoresheet. Appellant asserts that correction of the error would reduce the sentencing range to 99.9 to 166.5 months, i.e., below the cumulative 264-month sentence imposed on re-sentencing.
The State has filed as supplemental controlling authority Holt v. State, 808 So.2d 290 (Fla. 1st DCA 2002),[1] in which this court held that under the 1994 sentencing guidelines, defendant Holt’s conviction for sexual battery by a familial custodian should have been scored as a Level 7, rather than Level 9, offense; and that the error was not harmless, in that Holt’s current sentence could not have been imposed under the 1994 guidelines without a departure. Id. at 292; see also Chatfield v. State, 814 So.2d 1217 (Fla. 1st DCA 2002).
For the reasons underlying our Holt and Chatfield decisions, we reverse and remand for re-sentencing scoring the primary offense as a Level 7 offense pursuant to the 1994 guidelines.
REVERSED and REMANDED, with directions.
ALLEN, C.J. and LEWIS, J., concur.

. Holt was decided subsequent to Appellant’s re-sentencing.