830 So.2d 142 (2002)
Stephen S. GREEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-785.
District Court of Appeal of Florida, Third District.
September 30, 2002.
Rehearing and Rehearing Denied November 27, 2002.
Stephen S. Green, in proper person.
Robert A. Butterworth, Attorney General and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before LEVY, GERSTEN and SORONDO, JJ.
Rehearing and Rehearing En Banc Denied November 27, 2002.
SORONDO, J.
Stephen S. Green, defendant, appeals the denial of his post-conviction motion, filed pursuant to Florida Rules of Criminal Procedure 3.850. Finding absolutely no merit in this appeal, we affirm.
In keeping with the procedure employed by the Florida Supreme Court in Rivera v. *143 State, 728 So.2d 1165 (Fla.1998), we issued a rule to show cause, ordering the defendant to show cause why he should not be prohibited from filing any further pleadings in this court.[1]
On January 14, 1994, the State of Florida filed a one-count information in circuit court case number 93-42212, charging defendant with armed robbery. After a jury trial, defendant was found guilty as charged. Defendant was sentenced as a habitual offender to life imprisonment. The judgment of conviction and sentence were affirmed by this Court. See Green v. State, 661 So.2d 835 (Fla. 3d DCA 1995).
On April 30, 1996, defendant filed a Motion for New Trial and Demand for Evidentiary Hearing in the trial court. The motion was based on an issue previously raised on direct appeal relating to evidence tampering. On July 26, 1996, the trial court denied defendant's motion.
Meanwhile, on May 24, 1996, defendant filed his first Motion for Post-Conviction Relief pursuant to Florida Rules of Criminal Procedure 3.850, in which he alleged, among other things, that he received ineffective assistance of counsel due to counsel's failure "to expose the violations of the police procedures regarding the handling of evidence." On October 11, 1996, the trial court denied defendant's motion. Defendant appealed and this Court affirmed. See Green v. State, 702 So.2d 503 (Fla. 3d DCA 1997).
On July 1, 1998, defendant filed his second Motion for Post Conviction Relief pursuant to Florida Rules of Criminal Procedure 3.850. On July 23, 1998, the trial court denied defendant's motion as legally insufficient and found that the issues should have and could been raised on direct appeal. Defendant again appealed and this Court affirmed. See Green v. State, 728 So.2d 229 (Fla. 3d DCA 1999).
On August 13, 1999, defendant filed another motion for post-conviction relief pursuant to rule 3.850 in which he again complained about police misconduct with respect to the handling of evidence in his case. Following the trial court's summary denial of this motion, defendant again appealed to this Court. On November 3, 1999, this Court affirmed. See Green v. State, 747 So.2d 943 (Fla. 3d DCA 1999).
On March 5, 2001, defendant filed yet another motion for post-conviction relief pursuant to rule 3.850 in which he again complained about police misconduct with respect to the handling of evidence in his case. Following the filing of a written response by the State, the trial court denied the motion in a two-page written order entered August 13, 2001. In this order, the trial court noted, inter alia, that defendant had unsuccessfully raised the issue of tampered evidence on a number of prior occasions. Thereafter, defendant again appealed to this Court. On September 26, 2001, this Court per curiam affirmed the trial court's denial of the motion. See Green v. State, 798 So.2d 742 (Fla. 3d DCA 2001).
In the meantime, on August 28, 2001, defendant filed a motion for rehearing from the trial court's denial of his post-conviction motion of August 13, 2001. On February 21, 2002, the trial court entered a three-page written order denying this rehearing motion. In its order, the court observed that, "the history of the defendant's incessant filing of 3.850 motions in *144 this case would appear to this court to qualify the defendant as the poster person for abuse of process...." From that order, the present appeal followed.
Defendant's response to our order to show cause raises the same issues and arguments that have repeatedly been rejected by this court. We infer that defendant's substantive response to our order to show cause is that these issues are, contrary to this Court's previous decisions, meritorious, and that is why he continues to raise them. Needless to say, we find no merit in defendant's response.
We agree with the lower court that defendant's incessant, non-meritorious post-conviction motions and appeals constitute an abuse of process. The Florida Supreme Court has recognized that "[t]he resources of our court system are finite and must be reserved for the resolution of genuine disputes." Rivera, 728 So.2d at 1166. In this light, we direct the clerk of this court to reject any further pro se appeals, petitions or motions from Stephen S. Green, unless such pleadings are signed by an attorney. See Duncan v. State, 728 So.2d 1237 (Fla. 3d DCA 1999); Hall v. State, 690 So.2d 754 (Fla. 5th DCA 1997), review denied, 705 So.2d 570 (Fla.1998); Dennis v. State, 685 So.2d 1373, 1375 (Fla. 3d DCA 1996).
We also advise the defendant that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal in any court is subject to the forfeiture of all or any part of his or her accumulated gain time. See § 944.28(2)(a), Fla. Stat. (1997); Duncan, 728 So.2d at 1237; Gorge v. State, 712 So.2d 440, 440 n. 1 (Fla. 3d DCA 1998); O'Brien v. State, 689 So.2d 336, 337 (Fla. 5th DCA), review denied, 697 So.2d 511 (Fla.1997).
The decision of the trial court denying defendant's motion for post-conviction relief is affirmed.
NOTES
[1] Defendant has filed prior pleadings in case numbers: 3D02-1324, 3D02-2008, 3D01-2009, 3D01-2452, 3D01-2498, 3D01-2499, 3D01-2235, 3D01-336, 3D01-2674, 3D01-2549, 3D01-2681, 3D01-2682, 3D01-2714, 3D00-2136, 3D00-3153, 3D99-2637, 3D99-184, 3D98-2948, 3D96-3294, and 3D94-2138.