833 So.2d 264 (2002)
Alberto VIERA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1341.
District Court of Appeal of Florida, Third District.
December 26, 2002.
*265 Alberto Viera, for appellant.
Richard E. Doran, Attorney General and Mark Rosenblatt, Assistant Attorney General, for appellee.
Before LEVY, GERSTEN, and GREEN, JJ.
PER CURIAM.
Appellant was charged with, and on May 7, 1997 pled guilty to, sale, manufacture or delivery of cocaine (count 1) and possession of cocaine (count 2). He was then sentenced to ten years imprisonment as a habitual felony offender on both counts. Appellant filed a motion to correct sentence with the trial court, wherein he challenged the legality of his habitual offender sentence on the following three grounds:
1. The habitual offender sentence imposed for count 1, sale of cocaine is an improper departure sentence without written reason.
2. The sentence imposed on count 2 is illegal because a conviction for possession of cocaine cannot be enhanced pursuant to Section 775.084, Fla. Stat. (1995).
3. Appellant must be resentenced using a 1994 sentencing scoresheet because the offenses fall within the applicable window period during which the 1995 guidelines were held unconstitutional.
The trial court granted relief only on issue two by resentencing appellant on count 2 to 42.6 months imprisonment and deleting the habitual offender classification. Appellant took the instant appeal.
As to issue one, the state asserts and we agree that appellant is entitled to no relief inasmuch as the sentencing guidelines are inapplicable to habitual offender sentences. See § 775.084(4)(e) (1995); Nelson v. State, 632 So.2d 206 (Fla. 1st DCA 1994). For that reason, appellant's sentence for count 1 is not improper.
As to issue three, the State, however, properly concedes that appellant is entitled to relief in the form of resentencing when the trial court resentenced appellant on count 2 to 42.6 months, it improperly utilized a 1995 guidelines scoresheet. The appellant's offenses were committed on September 6, 1996, and fell within the window period during which the 1995 guidelines were declared unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla. 2000); Trapp v. State, 760 So.2d 924 (Fla. 2000). Accordingly, he is entitled to be resentenced under the 1994 guidelines. Since the 42.6 months imprisonment sentence falls outside the 1994 recommended guideline range, the appellant is entitled to be resentenced. See Toomajan v. State, 785 So.2d 1275 (Fla. 5th DCA 2001); Willis v. State, 785 So.2d 698 (Fla. 1st DCA 2001).
*266 Reversed and remanded for resentencing.