843 So.2d 355 (2003)
Eric TANNEHILL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1720.
District Court of Appeal of Florida, Third District.
April 30, 2003.
Eric Tannehill, in proper person.
Charles J. Crist, Jr., Attorney General, and Mark Rosenblatt, (Ft.Lauderdale), Assistant Attorney General, for appellee.
Before GODERICH, FLETCHER and WELLS, JJ.
*356 PER CURIAM.
We affirm the trial court's denial of Appellant's petition for writ of habeas corpus. "[T]he remedy of habeas corpus is not available as a substitute for post-conviction relief under Rule 3.850, Fla.R.Crim.P." Leichtman v. Singletary, 674 So.2d 889, 892 (Fla. 4th DCA 1996), quoting Finley v. State, 394 So.2d 215, 216 (Fla. 1st DCA 1981).
Though we need not reach the merits of Appellant's claims, we briefly note the following. Successive motions seeking the same relief are not authorized under either rule 3.850 or rule 3.800. See Fla. R.Crim. P. 3.850(f); Price v. State, 692 So.2d 971 (Fla. 2d DCA 1997) (confirming that successive review of issues raised in 3.800 motions is not authorized). To this end, we find that Appellant's claim that he was not provided proper notice of intent to habitualize has been raised, and rejected, previously. Moreover, we find that the claim was not timely raised herein. See Fla. R.Crim. P. 3.850(b); Cook v. State, 816 So.2d 773 (Fla. 2d DCA 2002) (failure to advise of intent to habitualize must be raised in a rule 3.850 motion). Additionally, we find that Appellant's second and third claims, that his habitual offender sentence is an unlawful departure sentence that cannot be imposed without written reasons, are meritless. See Viera v. State, 833 So.2d 264 (Fla. 3d DCA 2002) (confirming that habitual offender sentences are not subject to sentencing guidelines and thus are not departure sentences that must be accompanied by written reasons).
We also advise Appellant that additional, repetitive, non-meritorious post-conviction motions, writs, and appeals may lead to forfeiture of all or part of his accumulated gain time. See § 944.28(2)(a), Fla. Stat. (2003); Green v. State, 830 So.2d 142 (Fla. 3d DCA 2002).