913 So.2d 709 (2005)
Jeffrey Allen COLE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2267.
District Court of Appeal of Florida, Fifth District.
October 21, 2005.
Jeffrey A. Cole, Miami, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Jeffrey Cole (defendant) appeals the final order entered by the trial court summarily denying his third and fourth rule 3.850 motions for post-conviction *710 relief.[1] Concluding that the trial court correctly denied these motions as being successive, we affirm the orders denying relief. However, the trial court also directed the Department of Corrections (DOC) to forfeit 30 days of the defendant's gain time for the filing of his third motion, and 60 days of gain time for the filing of his fourth motion. Since the trial court is not authorized to direct DOC to forfeit a specific amount of gain time as a sanction, these directives must be stricken.
Section 944.279(1) of the Florida Statutes (2004) provides that disciplinary proceedings can be initiated by DOC against a prisoner who has filed a frivolous or malicious proceeding. The statute further states that the court, upon concluding that a prisoner has filed a frivolous or malicious pleading, shall issue a written finding and direct that a certified copy be forwarded to the appropriate DOC institution or facility for disciplinary action. In Hall v. State, 752 So.2d 575 (Fla.2000), the supreme court held that, when a prisoner institutes a frivolous or malicious proceeding, the court which makes that finding can recommend a sanction, but lacks authority to direct the DOC to discipline a prisoner by forfeiting gain time or imposing some other sanction. As such, the portion of the trial court's order which orders the forfeiture of gain time must be stricken.
Affirmed, as modified.
SHARP, W. and ORFINGER, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.850.