994 So.2d 1110 (2007)
Cosme VALDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1333.
District Court of Appeal of Florida, Third District.
April 25, 2007.
*1111 Cosme Valdez, in proper person.
Bill McCollum, Attorney General, and Richard Polin, Assistant Attorney General, for appellee.
Before FLETCHER, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, Judge.
On June 21, 2006, the defendant, Cosme Valdez ("Valdez"), filed an appeal based upon an order issued by the trial court denying his motion to withdraw his pleas and subsequent convictions to strong-arm robbery, kidnapping, and burglary with an assault or battery in case number 99-37117; and to false imprisonment and aggravated assault in case number 01-13737. Valdez now seeks a dismissal of his appeal.
Since Valdez's pleas to the charges and imposition of the sentences he negotiated on October 2, 2001, Valdez has filed numerous postconviction motions and appeals attacking his pleas.
On November 21, 2002, Valdez filed a motion for postconviction relief on competency grounds, the representation he received, and what he claimed was newly discovered evidence. Prior to obtaining a ruling on the motion, Valdez filed another postconviction motion seeking to withdraw his pleas. This motion was amended three times with supplemental pleadings and was also based upon Valdez's claim of incompetency at the time he entered his pleas. In November of 2003, the trial judge denied both motions and issued very thorough orders finding, in part, that prior to entering the pleas, Valdez received multiple competency evaluations and was found competent to proceed; defense counsel stipulated to Valdez's competency at the time of the pleas; and Valdez specifically stated under oath at the time he entered his pleas, that he was not under any medication that clouded or affected his thinking. Valdez appealed these orders, which this court affirmed in 2004. Valdez v. State, 879 So.2d 636 (Fla. 3d DCA 2004).
On August 15, 2004, Valdez filed a third motion for postconviction relief, again attacking his pleas on competency grounds and additionally attacking the sufficiency of the evidence.
This motion was followed by a motion filed by Valdez on November 2, 2004, to withdraw his pleas, alleging that he lacked the requisite competency to plead to the charges. As previously noted, this claim was previously raised by Valdez in his 2002 postconviction pleadings, decided adversely by the trial court, and affirmed on appeal by this court. Valdez voluntarily withdrew this motion on December 21, 2004.
On April 27, 2005, Valdez filed a motion for correction of an illegal sentence on competency grounds, which he then voluntarily dismissed on May 10, 2005.
On May 9, 2005, Valdez filed another motion seeking to withdraw his pleas on competency grounds, which was again denied by the trial court in another thorough order dated July 10, 2005. In this order, the trial judge warned Valdez that successive motions on the same grounds are not authorized and are an abuse of the process.
Undaunted, two days later, Valdez filed a motion for reconsideration of his motion to withdraw his pleas, alleging for the first time that he misunderstood the plea, that he believed he was going to be sentenced to ten months, not ten years incarceration. On August 12, 2005, the trial court denied the motion, finding that Valdez's claim of confusion as to the length of the sentence he was to receive was refuted by the transcript.
On December 19, 2005, Valdez filed yet another motion for postconviction relief on exactly the same competency claims, which *1112 the trial court denied on December 22, 2005. In this order, the trial court warned Valdez again that successive claims on the same grounds are not permitted and are an abuse of the process. Valdez appealed this order, but subsequently voluntarily dismissed the appeal. Valdez v. State, 926 So.2d 1287 (Fla. 3d DCA 2006).
Valdez's voluntary dismissal of his appeal was promptly followed by his request for a belated appeal, again attacking the voluntariness of his pleas on competency grounds. This court granted Valdez a belated appeal and affirmed. Valdez v. State, 900 So.2d 567 (Fla. 3d DCA 2005).
On May 10, 2006, Valdez filed yet another motion for postconviction relief on the same grounds: that he was not competent to enter into the pleas and he misunderstood the length of the sentence he had agreed to, believing it was a ten-month, not a ten-year, sentence. This motion was denied on May 16, 2006, and Valdez filed a notice of appeal promptly thereafter.
Since the filing of his notice of appeal on June 2, 2006, Valdez has filed at least eleven pleadings with this court other than his initial brief: (1) a Notice to Hear and Rule on June 21, 2006; (2) an Amended Initial Brief on June 27, 2006; (3) a Notice of Inquiry on July 6, 2006; (4) a Motion for Rule to Show Cause against the State on October 3, 2006, for requesting and receiving extensions for the filing of a response, and a request for a ruling by this court; (5) a "Motion to Objections for State Extensions" on October 24, 2006, again objecting to the extensions granted the State; (6) a Motion to Compel and Rule to Show Cause against the State for failing to file an answer to his brief on November 17, 2006, which was denied by this court as moot; (7) a request for a copy of his initial brief on January 16, 2007, because Valdez had lost his copy, which was granted and mailed to Valdez on January 18, 2007; (8) a Letter of Inquiry on February 8, 2007, regarding the status of his appeal, which this court responded to on February 19, 2007; (9) a Letter of Inquiry on February 16, 2007, requesting a ruling on his appeal; (10) another Motion of Inquiry in February 2007; and (11) on March 12, 2007, Valdez filed a motion requesting to dismiss his appeal.

Ruling
We grant Valdez's motion to dismiss his appeal.

Order To Show Cause
Florida Rule of Criminal Procedure 3.850 imposes a two-year limitation to file a motion for postconviction relief, which begins to run from the date the judgment and sentence become final. Additionally, successive claims that were raised or that could have been raised in a previous motion for postconviction relief are prohibited. See Topps v. State, 865 So.2d 1253, 1255 (Fla.2004)(holding that the doctrine of res judicata procedurally bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised); Davis v. State, 589 So.2d 896, 898 (Fla.1991)(holding that "[c]laims that have been previously raised are procedurally barred"); Tannehill v. State, 843 So.2d 355, 356 (Fla. 3d DCA 2003)("Successive motions seeking the same relief are not authorized under either rule 3.850 or rule 3.800.").
Valdez entered into his pleas, and he was sentenced on October 2, 2001. On November 21, 2002, Valdez filed a rule 3.850 motion for postconviction relief on competency grounds. Therefore, the subsequent motions filed since the trial court's ruling in November 2003 were procedurally barred as untimely and/or successive. Moreover, this court has reviewed the merits of Valdez's claims on at least two occasions and has found them to be meritless. Valdez's repeated filings require the expenditure of valuable time by the courts, *1113 the State Attorney's Office, and the Office of the Attorney General. Requesting a dismissal after a response has been filed and judicial labor already has taken place, does not mitigate the repetitive filings and resultant efforts of all who must respond to them. This court, therefore, orders Cosme Valdez to show good cause, within thirty days, why he should not be precluded from filing further pro se pleadings, attacking the judgments and sentences in case numbers 99-37117 and 01-13737, and why this court should not recommend to the Department of Corrections that it sanction Valdez pursuant to sections 944.28 and 944.279, Florida Statutes (2004), which provide that the Department of Corrections may bring disciplinary procedures against prisoners for filings frivolous collateral criminal proceedings. See Simmons v. State, 938 So.2d 618 (Fla. 3d DCA 2006); Britt v. State, 931 So.2d 209 (Fla. 5th DCA 2006); Hepburn v. State, 934 So.2d 515 (Fla. 3d DCA 2005); Cole v. State, 913 So.2d 709 (Fla. 5th DCA 2005).
Appeal dismissed; order to show cause issued.