746 So.2d 1247 (1999)
Brian ALLEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-1595.
District Court of Appeal of Florida, First District.
December 29, 1999.
Brian Allen, pro se, petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Senior Assistant Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Brian Allen petitions this court for a belated appeal of a September 1997 judgment and sentence of the Duval County Circuit Court. In support, he alleged in his sworn petition that during the 30 days following his sentencing, he wrote to this trial counsel on numerous occasions telling her that he wanted a notice of appeal filed on his behalf, but that this request was not honored. In addition, petitioner alleged that when advised by the trial court at sentencing that he had 30 days to institute an appeal, he notified the trial court at that point that he did wish to appeal his conviction and sentence. After the state established a good faith basis for disputing these claims, this court directed an evidentiary hearing be conducted before a special master. At that hearing, Allen conceded that although he wrote his trial counsel twice during the 30 days following sentencing, these letters did not include a request to initiate an appeal. In addition, although Allen reiterated his assertion that he advised the trial court of his desire to appeal, the special master found that a transcript of the sentencing proceeding did not corroborate this claim, and thus concluded that Allen did not advise the court he wished to initiate an appeal. Based upon this finding and Allen's concession that his letters to counsel did not include a request to initiate an appeal, the special master recommends that the petition for belated appeal be denied.
Consistent with the special master's findings and recommendation, we hereby deny the petition seeking belated appeal. In light of the special master's findings, the state has filed a motion regarding sanctions pursuant to section 944.28(2)(a), Florida Statutes (1999). In his response to this motion, Allen does not dispute the fact that his sworn petition contained inaccurate information. Instead, he blames these inaccuracies on an allegedly ill-trained and unscrupulous inmate law clerk who assisted him in preparation of the petition. However, given the fact that Allen personally swore that the information contained in his petition was true and correct, we reject his attempt to avoid responsibility for his actions. Accordingly, the state's motion regarding *1248 sanctions is granted, and in accordance with section 944.28(2)(a), we hereby certify that petitioner either knowingly or recklessly brought false information before the court in this proceeding. See Saucer v. State, 736 So.2d 10 (Fla. 1st DCA 1998). We certify to the Florida Supreme Court the same question of great public importance certified in Saucer. See id. at 11.
Petition for belated appeal denied; motion for sanctions granted.
LAWRENCE, DAVIS and VAN NORTWICK, JJ., concur.