917 So.2d 261 (2005)
Bobby MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2963.
District Court of Appeal of Florida, Fifth District.
December 16, 2005.
*262 Candace A. Hawthorne, of Hawthorne Law Firm, P.A., Tavares, for Appellant.
No Appearance for Appellee.
GRIFFIN, J.
Appellant, Bobby Miller ["Miller"], pled guilty to sexual battery and lewd and lascivious assault in March, 2003. The charges involved Miller's thirteen-year-old stepdaughter, who lived with Miller and his mother. Less than thirty days after sentencing, acting pro se, Miller filed a motion to withdraw his plea, arguing in relevant part that he "did not fully understand and comprehend the guidance provided by the Public Defender's office." This motion was denied.
Miller, again acting pro se, then appealed the denial of his motion to withdraw his plea. In an apparent attempt to fulfill the requirement of a brief, Miller filed an "appendix" containing background facts, argument and several documents. Among the documents is a document entitled "Psychological & Competency Evaluation." The record reflects that during the lower court proceedings, Miller's counsel had requested an order appointing a confidential expert to advise defense counsel concerning Miller's mental condition as it pertained to his ability to assist in his defense. Upon receipt of the court-ordered report, defense counsel took no further steps to raise the issue of Miller's competency and never set the machinery of Rule 3.210 in motion.
This court ordered counsel be appointed for Miller on appeal. Counsel argued on appeal that the trial court erred by accepting Miller's plea without inquiring into his mental condition, given that the court knew there was enough of an issue to warrant his appointing an expert to assist the defense. Under the facts present here, we find no error.
The copy Miller filed in this court of what purported to be the expert's report showed that Miller had been found incompetent to proceed, but this document appeared to us to have been extensively altered. We concluded that we should examine a clean copy of the report, which, in response to our order, we have now been provided by defense counsel. It is completely different in substance from the one filed by Miller. The report supplied by counsel clearly concluded:
In the evaluator's opinion, the client is fully competent to proceed, having both a rational and factual understanding of the current charges, of possible penalties, of the roles and functions of members and officers of the court, of procedures used in the determination of guilt and innocence. The client's communication *263 provides ample evidence of these abilities. The communication also provides evidence of the client's abilities to assist his attorney in his defense, albeit in a somewhat clumsy, uninformed, and naïve manner.
It appears Miller knowingly or with reckless disregard for the truth offered a false and materially altered document to this court in an attempt to influence the outcome of the appeal. Accordingly, pursuant to section 944.279(1), Florida Statutes (2004), by copy of this opinion, we direct that a certified copy of this opinion be forwarded to the appropriate institution to consider disciplinary procedures as provided by law.
AFFIRMED.
THOMPSON and ORFINGER, JJ., concur.