932 So.2d 545 (2006)
Anthony P. SVOBODA, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-4323.
District Court of Appeal of Florida, Fifth District.
June 23, 2006.
*546 Anthony P. Svoboda, Monticello, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Respondent.
THOMPSON, J.
Petitioner, Anthony Svoboda, filed a petition seeking a belated appeal, alleging under oath that the facts stated in his petition were true. The State was ordered to respond, and the State pointed out that the Department of Corrections' ("DOC") records contradicted the petitioner's own sworn allegations. This court appointed a commissioner to conduct an evidentiary hearing and make findings of fact and a recommendation to this court regarding petitioner's "Request for a Belated Appeal", as well as the State's specific claim that petitioner, by all indications, has filed a falsified document with this court. See Fla. R.App. P. 9.141(c). The commissioner held the hearing, and the State has now filed the Commissioner's Report. The commissioner concluded petitioner had lied under oath. Specifically, the commissioner found although petitioner testified he served a copy of his pleadings on the state attorney, he did not. More important, the commissioner found that petitioner testified that he filed his notice of appeal while he was at the Jefferson Correctional Institute in Monticello on 31 May 2004. The DOC records show that petitioner was, at that point in time, in the Central Florida Reception Center (CFRC), East Unit, not at Jefferson Correctional Institute. We deny the petition with recommendations to the Department of Corrections.
Based upon the testimony at the hearing, the commissioner recommended petitioner's request be denied. We accept the commissioner's recommendation; however, in light of his finding of perjury, and to protect the sanctity of the court proceedings, this court takes additional action beyond merely denying petitioner's petition.
This court receives many petitions for belated appeal, yet the allegations petitioners have to make are very minimal. Petitioners should not be allowed to cavalierly lie to this courtit requires this court to order a commissioner's report, requires the judge to hold a hearing, requires the prisoner's transportation to this hearing, requires the judge to issue a commissioner's report, and requires this court to then rule upon that report.
In the present case, the appointed commissioner found that petitioner filed a falsified document. While the commissioner did not use the word "knowingly" or "intentionally," the findings in full establish that petitioner deliberately filed a falsified document. Acting upon the commissioner's findings, petitioner deserves the sanction of section 944.279(1), Florida Statutes, which states:
A prisoner who is found by a court ... to have brought a frivolous or malicious collateral criminal proceeding, which is filed after September 30, 2004, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.
See also Nixon v. State, 921 So.2d 819 (Fla. 5th DCA 2006); Miller v. State, 917 So.2d 261 (Fla. 5th DCA 2005); Wilson v. *547 State, 916 So.2d 975 (Fla. 5th DCA 2005); Cole v. State, 913 So.2d 709 (Fla. 5th DCA 2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005); Valentine v. State, 873 So.2d 608 (Fla. 5th DCA 2004).
Based upon the commissioner's recommendation, we deny Svoboda's petition for belated appeal. In light of the assertion made by Svoboda in his petition, under penalty of perjury, that he had requested an appeal, we direct that a certified copy of this opinion be forwarded to the Jefferson Correctional Institution for the consideration of disciplinary procedures pursuant to section 944.279(1), Florida Statutes (2004), and a copy of the disposition report be forwarded to this court, the attorney general's office and the hearing commissioner.
PLEUS, C.J., and ORFINGER, J., concur.