943 So.2d 973 (2006)
Hector RIVERA, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-2606.
District Court of Appeal of Florida, Fifth District.
December 8, 2006.
Hector Rivera, Daytona Beach, pro se.
No Appearance for Respondent.
SAWAYA, J.
Hector Rivera entered a plea and was sentenced on July 15, 2001. He did not file a direct appeal. Now, in his sworn petition for belated appeal, Rivera alleges that when the trial judge informed him of his right to appeal, he immediately requested his attorney to "file the necessary appeal notice." He states, under oath, that he "has just recently discovered that counsel never timely filed his notice of appeal." Our records establish, however, that Rivera is well aware that this is an untrue statement. In fact, Rivera has known for more than three years that there was no direct appeal, as shown by his appeal of the denial of his rule 3.850 motion from June 2003. Rivera v. State, 879 So.2d 642 (Fla. 5th DCA 2004). Rivera's failure to take a direct appeal was stated in that sworn motion and reiterated in his pro se brief filed here in this court. The trial court also noted this fact in its order of denial.
We also note that Rivera's petition is untimely by three years. The time for making a belated appeal request expired in August 2003. Because he knew there was no direct appeal, Rivera clearly does not fit into the two-year time limit exception stated in Florida Rule of Appellate Procedure 9.141(c)(4)(A) (allowing exception to time limit if petitioner "was unaware an appeal had not been timely filed or was not advised of the right to an appeal" and the petitioner "should not have ascertained such facts by the exercise of reasonable diligence").
Faced with these facts, this court issued an order to Rivera to show cause why he should not be sanctioned for perjury based upon the conflicting allegations he made in *974 2003 and 2006. This court has now received the unsworn response. Among other excuses, Rivera blames the prisoner who helped him prepare his petition. However, he admits that he did sign the factually incorrect belated appeal petition.
In light of the patent evidence of perjury, and to protect the sanctity of the court proceedings, this court not only denies Rivera's petition, but also imposes the sanction of section 944.279(1), Florida Statutes, which states in pertinent part:
A prisoner who is found by a court to have . . . knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.
Accordingly, we direct the Clerk of this court to forward a certified copy of this opinion to the Tomoka Correctional Institution for the consideration of disciplinary procedures pursuant to section 944.279(1), Florida Statutes (2005), and request that a copy of the disposition report be forwarded to this court and the attorney general's office.
We conclude by emphasizing that "[t]his court receives many petitions for belated appeal, yet the allegations petitioners have to make are very minimal. Petitioners should not be allowed to cavalierly lie to this court. . . ." Svoboda v. State, 932 So.2d 545, 546 (Fla. 5th DCA 2006). We have not suffered dishonesty lightly in the past, Nixon v. State, 921 So.2d 819 (Fla. 5th DCA 2006); Miller v. State, 917 So.2d 261 (Fla. 5th DCA 2005), and we will not relax our intolerance now.
PETITION DENIED.
GRIFFIN and MONACO, JJ., concur.