965 So.2d 350 (2007)
Loren SPAULDING, Appellant,
v.
STATE of Florida, Appellee.
Ann Marie Rottinghaus, Appellant
v.
State of Florida.
Nos. 4D07-2076, 4D07-2313.
District Court of Appeal of Florida, Fourth District.
September 26, 2007.
Loren Spaulding, Jasper, pro se.
J. Peyton Quarles of Zimmet & Quarles, P.L., Daytona Beach, for Appellant-Ann Marie Rottinghaus.
No appearance required for appellee.
PER CURIAM.
Loren Robert Spaulding and co-defendant below, Ann Rottinghaus, filed nearly identical petitions for writ of habeas corpus in the trial court. For purposes of this opinion, we have consolidated their appeals from the trial court's orders denying their petitions.
Although we recognize that the trial court should have addressed the merits of the petitions, which alleged a lack of trial court jurisdiction, we affirm because jurisdiction appears on the face of the record. See Gunn v. State, 947 So.2d 551 (Fla. 4th DCA 2006) (agreeing with Brown v. State, 917 So.2d 272 (Fla. 5th DCA 2005), that "a trial court should review the merits of a postconviction motion, even if untimely, *351 which raises a jurisdictional issue that was not previously considered on the merits").
Rottinghaus and Spaulding were convicted of violating Florida's RICO statute and prosecuted in St. Lucie County, Florida. Rottinghaus and Spaulding, along with several others, engaged in a criminal enterprise involving the fabrication and cashing of fraudulent checks at stores in multiple counties in Florida.
The petitions at issue argued that the St. Lucie County circuit court lacked jurisdiction over the RICO offense because the information was filed by the assistant state attorney for that judicial circuit. The petitions allege that only the statewide prosecutor had authority to file the charges because the acts constituting the pattern of racketeering activity were alleged to have been committed in multiple counties (in addition to St. Lucie County) and involved multiple judicial circuits.
Spaulding has unsuccessfully raised this exact same claim in three prior proceedings, in a rule 3.800 motion, a rule 3.850 motion, and an ineffective assistance of appellate counsel petition.
We write to reject these claims once and for all and to caution the appellants that continued filing of repetitive claims will result in this court no longer accepting their pro se filings and other sanctions. State v. Spencer, 751 So.2d 47 (Fla.1999); § 944.279, Fla. Stat. (2006). See Svoboda v. State, 932 So.2d 545 (Fla. 5th DCA 2006).
The appellants allege that the statewide prosecutor has exclusive jurisdiction to prosecute offenses that are committed in more than one county. Here, because the fraudulent checks were cashed in numerous counties, in addition to St. Lucie County, the pair argues that only the statewide prosecutor could file charges against them. They allege that, because the statute of limitations on the offense has run, they must be forever discharged for their crimes.
Appellants cite cases that do not stand for what they allege and rely on the Florida Constitution's provision creating the position of the statewide prosecutor. That provision, however, expressly states that the statewide prosecutor "shall have concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws . . ." Art. IV, § 4(c), Fla. Const. (emphasis added); see also § 16.56(1)(a)3, Fla. Stat. (2000) (setting out the authority of the Office of the Statewide Prosecutor (OSP) and providing that the OSP "may" prosecute RICO violations).
While the statewide prosecutor can file charges only if the criminal violation occurred in two or more judicial circuits as part of a related transaction, this does not give the statewide prosecutor exclusive jurisdiction to prosecute continuing offenses that span multiple counties. See Winter v. State, 781 So.2d 1111 (Fla. 1st DCA 2001) (holding that OSP has authority to prosecute crimes only if they involve two or more judicial circuits and are either part of a related transaction or part of an organized conspiracy) see also Snyder v. State, 715 So.2d 367 (Fla. 5th DCA 1998).
Here, the statewide prosecutor had jurisdiction to file the RICO charges against the appellants, but the State Attorney for the Nineteenth Judicial Circuit had concurrent jurisdiction to file the charges as well. The appellants were alleged to have committed numerous acts in St. Lucie County which constituted a pattern of racketeering activity. The trial court clearly had jurisdiction. In addition, the pair lived, and Rottinghaus was arrested, in St. Lucie County. When Rottinghaus was arrested, police found fraudulent checks, as well as a computer used for fabricating the checks and various forms of *352 fraudulent identification, in her St. Lucie County residence.
In addition to this claim, Rottinghaus' petition raised a second claim that the information insufficiently charged the crime because it lacked the "pattern element." Rottinghaus previously raised this claim in a prior habeas corpus petition in this court, 4D05-2023, that was denied on the merits. This successive claim is without merit and was properly denied.
GUNTHER, STONE and FARMER, JJ., concur.