ORDER ON SANCTIONS
 

 PER CURIAM.
 

 Timothy Jones filed a petition with this court alleging that he was denied the effective assistance of counsel in his direct appeal. Jones alleged that his counsel was deficient for failing to order a transcript of jury selection proceedings, which he asserted would show that the trial court reversibly erred in denying challenges for cause directed to two jurors who ultimately served on the panel. The petition included a detailed description of the relevant occurrences during the jury selection proceedings, and consistent with the requirements of Florida Rule of Appellate Procedure 9.141(c)(3)(F), it also included an executed oath whereby Jones declared under penalty of perjury that he had read the petition, and that the facts stated therein were true and correct.
 

 Concluding that petitioner’s sworn allegations established a preliminary basis for relief, we directed the state to respond. The state did so, and with its response provided a transcript of the jury selection proceedings. In short, that transcript disclosed that the factual allegations made by Jones were a complete fabrication. Indeed, it appears that apart from changing the basis for the prospective jurors’ alleged bias and some additional embroidering of the facts, petitioner’s description of events was taken almost verbatim from the facts described in
 
 Bell v. State,
 
 870 So.2d 893 (Fla. 4th DCA 2004). Based on the state’s response, we by earlier opinion denied the petition alleging ineffective assistance of appellate counsel on the merits. We further directed Jones to show cause why sanctions, including but not limited to referral of this matter to the Department of Corrections for the institution of disciplinary proceedings pursuant to section
 
 *553
 
 944.279(1), Florida Statutes, should not be imposed for knowingly or recklessly bringing false information or evidence before the court.
 

 Jones has responded to our order to show cause, asserting that he did not knowingly file a false claim with the court. He asserts that he was being “represented” by an inmate law clerk at his former institution, that he has no knowledge of the law, and that he only filed what the law clerk advised him to file. According to Jones, the law clerk prepared the petition and had him affix his signature, and he signed the petition in the good faith belief that the law clerk had followed court rules. He therefore suggests that the imposition of sanctions is inappropriate.
 

 Given that Jones personally swore that the information contained in his petition was true and correct and that the court’s reliance on that representation resulted in a substantial expenditure of the court’s resources, as well as those of the Attorney General, we reject petitioner’s attempt to absolve himself of responsibility for his actions.
 
 See Allen v. State,
 
 746 So.2d 1247 (Fla. 1st DCA 1999). Accordingly, we hereby find that petitioner either knowingly or recklessly brought false information before the court in this proceeding, and in accordance with section 944.279(1), direct that a certified copy of this order be forwarded to petitioner’s institution for disciplinary procedures pursuant to the rules of the Department of Corrections.
 

 We have elected to publish this order as a means of cautioning other inmates (or indeed, any other litigants) of the serious consequences of knowingly bringing false information or evidence before the court, or recklessly doing so in blind reliance on the unscrupulous advice of another. Where allegations of fact are properly sworn to, the court relies on those representations in determining whether the claim states a preliminary basis for relief. Knowingly or recklessly making false allegations results in a substantial waste of judicial resources, and will in turn result in the imposition of such sanctions on the offending party as the court deems appropriate.
 

 BROWNING, C.J., VAN NORTWICK and LEWIS, JJ., concur.