PER CURIAM.
Appellant challenges the lower court’s order denying his petition for writ of habe-as corpus. He contends that the. trial court improperly dismissed the petition on procedural grounds without addressing the merits. We agree with Appellant and reverse.
Appellant was charged with second-degree murder in an information filed by the statewide prosecutor. In his petition for habeas corpus, Appellant challenged the jurisdiction of the statewide prosecutor, and thus, the jurisdiction of the trial court to adjudicate the charges. The trial court did not reach the merits of the petition, concluding that Appellant waived the issue by not pursuing it in a direct appeal or in a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850. The State initially urged that the trial court was correct, but after we ordered supplemental briefing the State acknowledged that the trial court should have addressed the merits of Appellant’s claim that it lacked jurisdiction. Spaulding v. State, 965 So.2d 350 (Fla. 4th DCA 2007); Brown v. State, 917 So.2d 272 (Fla. 5th DCA 2005). The State now urges that the trial court’s ruling could be affirmed under the “Tipsy Coachman” doctrine. We are unable to confirm on this record that affir-mance is appropriate and decline to apply the doctrine.
On remand, the trial court shall address the merits of Appellant’s petition.
REVERSED and REMANDED.
TORPY and LAWSON, JJ., and COBB, W., Senior Judge, concur.