PER CURIAM.
 

 We deny this petition seeking a belated appeal of the trial court’s May 22, 2008 order denying petitioner, Donald Adair’s motion for postconviction relief. In his petition, Adair alleged under oath that he did not receive the trial court’s order within the time for filing a notice of appeal. The State was ordered to show cause as to why the petition should not be granted. In its response, the State provided a copy of the prison mail log, which showed that Adair received legal mail from the judge on May 29, 2008. We thereafter ordered the circuit court to appoint a commissioner to determine whether Adah’ received the order within the time for filing a notice of appeal. Additionally, we asked the commissioner to consider whether Adair filed a falsified document in this court.
 
 Svoboda v. State,
 
 932 So.2d 545 (Fla. 5th DCA 2006) (sanctioning petitioner who made false allegations in a petition for belated appeal).
 

 At an evidentiary hearing, the trial judge’s judicial assistant testified that she stapled the order denying the motion to the State’s response and mailed it to Adair. The mailroom supervisor at the prison testified that staples are not removed from legal mail unless the prisoner is in the psychiatric ward. Adair was not in the psychiatric ward when he signed for this mail on May 29, 2008. The prison opens mail and flips through it in the prisoner’s presence to check for contraband.
 

 Adair produced as his Exhibit 1 an envelope containing a copy of the State’s response and the attached exhibits. The envelope was postmarked May 23, 2008 and marked with the judge’s return address. Adair testified that this was all he received on May 29, 2008. He admitted that the jail did not remove the staple from his mail. The State’s response was bound to the attachments by a heavy duty stapler. The judicial assistant testified that she does not have a heavy duty stapler in her office, and that she stapled the order of denial to the top page of the State’s response. The State’s response had additional staple holes beyond the heavy duty staple. Adair gave no explanation for the additional staple holes.
 

 The commissioner found that Adair received a copy of the order on May 29, 2008 and that he lied under oath in his petition to this court. Adair did not file any objection to the commissioner’s report within the time provided for doing so. We adopt the commissioner’s findings, deny this petition, and refer petitioner for disciplinary procedures.
 

 In denying a petition for belated appeal, the court in
 
 Svoboda
 
 explained that additional action was needed to preserve the sanctity of court proceedings, stating:
 

 Petitioners should not be allowed to cavalierly lie to this court-it requires this court to order a commissioner’s report, requires the judge to hold a hearing, requires the prisoner’s transportation to this hearing, requires the judge to issue a commissioner’s report, and requires this court to then rule upon that report.
 

 Svoboda,
 
 932 So.2d at 546;
 
 see also Oquendo v. State,
 
 2 So.3d 1001, 1007 (Fla. 4th DCA 2008) (“Unless a credible threat of sanctions exists, postconviction movants have little incentive against saying whatever they choose in postconviction proceedings, regardless of truth.”).
 

 Accordingly, for the same policy reasons discussed by the Fifth District in
 
 Svoboda,
 
 
 *979
 
 we deny this petition and direct that a certified copy of this opinion be forwarded to Martin Correctional Institution for the consideration of disciplinary procedures pursuant to section 944.279(1), Florida Statutes (2008). This is because Adah* “knowingly or with reckless disregard for the truth brought false information or evidence before the court.”
 
 Id.
 
 A copy of the disposition report shall be forwarded to this court, the attorney general’s office, and the hearing commissioner.
 

 HAZOURI, DAMOORGIAN and CIKLIN, JJ., concur.