PER CURIAM.
In 2002, Matthew Plucinik entered into a written, negotiated plea agreement after he confessed to sexually battering a child under twelve years of age. He was allowed to plead to the reduced charge of attempted capital sexual battery. Despite that, he has filed numerous, all meritless, pleadings. He has now filed his second, sworn petition for habeas corpus, reasserting appellate counsel ineffectiveness. His pleadings are a clear abuse of the judicial process.
Additionally, as the State points out in its Response, “Plucinik has made allegations in his petition which are patently false and he has sworn they are true ‘under penalties of perjury.’ ” The State argues, and we agree, that because Plucinik made these allegations under oath, he has committed perjury. His mendaciousness is demonstrated by our own records as well as published opinions in his case.
We further agree with the State’s contention that sanctions pursuant to section 944.279(1), Florida Statutes, are appropriate. See Jones v. State, 18 So.3d 551 (Fla. 1st DCA 2008) (holding inmate’s submission of fabricated factual allegations in petition asserting ineffective assistance of appellate counsel warranted referral to DOC for appropriate disciplinary procedures). Indeed, regardless of the type of proceeding involved, perjury will not be tolerated. Svoboda v. State, 932 So.2d 545 (Fla. 5th DCA 2006) (holding petitioner’s false statement, made under oath at commissioner’s hearing on petition for belated appeal, warranted denial of his request for belated appeal and the additional sanction of DOC disciplinary procedures); Nixon v. State, 921 So.2d 819, 820 (Fla. 5th DCA 2006) (directing, in light of petitioner’s false statement made under penalty of perjury, that a certified copy of the opinion be forwarded to the appropriate institution for appropriate disciplinary procedures); Miller v. State, 917 So.2d 261, 263 (Fla. 5th DCA 2005) (“It appears Miller knowingly or with reckless disregard for the truth offered a false and materially *325 altered document to this court in an attempt to influence the outcome of the appeal. Accordingly, ... by copy of this opinion, we direct that a certified copy of this opinion be forwarded to the appropriate institution to consider disciplinary procedures as provided by law”).
Having carefully reviewed Plucinik’s response to this Court’s show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), we conclude that he has provided no valid reason to be allowed continued pro se access to this Court. We hold that he is abusing the judicial process by filing both frivolous and untrue pleadings and that he should be barred from further pro se filings in Volusia County Seventh Circuit Case No. 02-1812-CFAWS. The Clerk of this Court is directed not to accept any further pro se filings concerning this case from Matthew J. Plucinik, and any further pleadings will be summarily rejected by the Clerk unless filed by a member in good standing of The Florida Bar. The Clerk of this Court is therefore directed to forward a certified copy of this opinion to Plucinik and the appropriate institution for consideration of available disciplinary procedures. See § 944.28(2)(a), Fla. Stat. (2012). Rehearing will not be entertained.
Petition DENIED; Future pro se filings PROHIBITED; Certified Opinion FORWARDED to Plucinik and the Department of Corrections.
SAWAYA, TORPY and JACOBUS, JJ., concur.