NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JODY MAURICE CRUM,                    )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No. 2D17-1272
                                      )
STATE OF FLORIDA,                     )
                                      )
          Appellee.                   )
_____)

Opinion filed January 4, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; John K. Stargel, Judge.

Jody Crum, pro se.

KELLY, Judge.

        Jody Crum, pro se, appeals from the summary denial of his second

Florida Rule of Criminal Procedure 3.850 motion.  We affirm without comment the order

denying Crum's motion.  Because in the course of reviewing this appeal we have

determined that Crum has knowingly and recklessly brought false information and

evidence before this court, we write to set forth our findings and to refer this matter to

the Department of Corrections for disciplinary procedures pursuant to the rules of the Department.  See § 944.279, Fla. Stat. (2017).[1]

Crum's appearances in this court began after the circuit court in Polk County revoked his probation.  Crum entered a plea after unsuccessfully challenging the court's jurisdiction to revoke his probation; however, he reserved his right to raise the issue of the court's jurisdiction on appeal.  We affirmed the revocation, and since then, Crum has filed three postconviction proceedings in this court—two appeals and a petition for a writ of habeas corpus—all of which continue to challenge the circuit court's jurisdiction to revoke his probation.[2]  He filed, under oath, pro se briefs in both appeals, and he also filed his habeas petition pro se and under oath.  In each of these

---

[1]Section 944.279(1) provides, in relevant part, as follows:

(1)  At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith.  A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, . . . or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections.  The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.

[2]In case number 2D15-4625, Crum appealed the denial of his first rule 3.850 motion in Polk County trial court case number 2005-CF-000723-01.  He filed the present appeal to challenge the denial of his second rule 3.850 motion in the same trial court case.  Shortly after filing this appeal, he also filed a petition for a writ of habeas corpus in this court, case number 2D17-2220, in which he again challenged the denial of his second rule 3.850 motion.

postconviction proceedings, Crum has relied on what he claims is a copy of a judgment and sentence entered against him in an unrelated case from Martin County.

In the facts section of his sworn pro se brief Crum states that in Martin County he "was sentenced to five years Florida State Prison, to run concurrent with any active sentence (see Exhibit D, Martin County Sentencing Order), and with the sentencing judge having foreknowledge of the Appellant serving active probation sentences in other jurisdictions." Neither Exhibit D, nor any of the other exhibits referenced in the brief, are actually appended to the brief. However, this court has copies of these exhibits because Crum also filed them as attachments to his sworn pro se petition for a writ of habeas corpus in case number 2D17-2220 and to his sworn brief in case number 2D15-4625. In this appeal and in the other proceedings, Crum has relied on the purported copy of the Martin County sentencing order to support his claim that his Martin County sentence was ordered to run concurrent with any active sentence.

On its face, the order supports Crum's assertion. However, in his sworn brief and in his sworn rule 3.850 motion, Crum makes conflicting assertions regarding the nature of his Martin County sentence. Further, the record in his direct appeal is inconsistent with the claim that his Martin County sentence was made concurrent with any active sentence. Because of the incongruities, we questioned the legitimacy of the document Crum had filed.

We ordered the State to file in this court a copy of the Martin County sentencing order. The copy of the order the State filed lacks checkmarks that appear on the copy Crum filed in this court, and it is those checkmarks that indicate his

sentence is to be concurrent with any active sentence. The State also filed Crum's Martin County plea agreement as well as the order denying the rule 3.800(a) motion he filed in the Martin County case. These documents further contradict Crum's assertion that his Martin County sentence was made concurrent with any active sentence and they show that Crum was well aware of that fact.

We ordered Crum to show cause why he should not be sanctioned for knowingly or recklessly bringing false evidence or information before this court and why, pursuant to section 944.279(1), a certified copy of this court's findings should not be forwarded to the Department of Corrections for the institution of disciplinary procedures pursuant to the rules of the Department as provided in section 944.09. Crum responded to our order to show cause. Although his response is vague, the gist of it is that he relies on prison law clerks to help with his "court papers," and he simply does what they tell him. We find Crum's attempt to avoid responsibility unavailing. See Jones v. State, 18 So. 3d 551, 553 (Fla. 1st DCA 2008) ("Given Jones personally swore that the information contained in his petition was true and correct and that the court's reliance on that representation resulted in a substantial expenditure of the court's resources . . . we reject petitioner's attempt to absolve himself of responsibility for his actions."); Allen v. State, 746 So. 2d 1247, 1247 (Fla. 1st DCA 1999) (rejecting the petitioner's attempt to blame inaccuracies on an "allegedly ill-trained and unscrupulous inmate law clerk" who assisted him given that the petitioner personally swore the information in his petition was true and correct).

Accordingly, we hereby find that Crum either knowingly or recklessly brought false information and evidence before this court in this proceeding, as well as in

- 4 -

case numbers 2D17-2220 and 2D15-4625, and in accordance with section 944.279(1), we direct the clerk of this court to forward a certified copy of this opinion to the Florida Department of Corrections' institution or facility where Crum is incarcerated for institution of disciplinary procedures pursuant to the rules of the Department as provided for in section 944.09.

Affirmed; certified opinion forwarded to Crum and the Department of Corrections.

BLACK, J., Concurs.
NORTHCUTT, J., Dissents.